(No. 32925.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN G. GAVURNIK, Plaintiff in Error.

*Opinion filed January 20, 1954—Rehearing denied March 15, 1954.*

BERNARD S. NEISTEIN, and LESTER SLOTT, both of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Plaintiff in error, John Gavurnik, was convicted in the criminal court of Cook County of the crime of leaving the scene of an accident and, upon recommendation of the jury which tried him, was sentenced to imprisonment in the county jail for a period of one year. On writ of error, the Appellate Court for the First District affirmed the judgment, (348 Ill. App. 552, 109 N.E. 2d 375,) and he has prosecuted this writ of error for further review.

In seeking a reversal, plaintiff in error alleges: (1) That a confession introduced in evidence was not voluntarily given but was extracted from him by police violence, threats and brutality; (2) that the foundation evidence was insufficient for the reason that all witnesses to the procuring, making and signing of the confession were not

produced at the preliminary hearing on its admissibility; (3) that there was no proof of the *corpus delicti* by independent facts *aliunde* his confession; (4) that his guilt was not established beyond a reasonable doubt; and (5) for the first time in this court, he charges that the admission of the confession, allegedly procured by force and violence, denied him due process of law under both Federal and State constitutions.

Considering first the contentions relating to the confession, this court has held that where the trial court heard evidence on the question of whether a confession was obtained through force or violence, and there is no proof of the use of force except defendant's own testimony, the evidence of officers and others present being that no threats or violence occurred, it is not error to admit in evidence the confession. (*People* v. *Varela,* 405 Ill. 236; *People* v. *Tuttle,* 382 Ill. 147.) In deciding the question of admissibility, the trial court need not be convinced beyond a reasonable doubt of the voluntary character of the confession, (*People* v. *Costello,* 320 Ill. 79,) and, on review, the decision of the trial court as to whether the confession was procured by mistreatment will not be disturbed unless manifestly against the weight of evidence or unless the court has clearly committed an abuse of discretion. (*People* v. *Polenik,* 407 Ill. 337; *People* v. *Weber,* 401 Ill. 584; *People* v. *Nixon,* 371 Ill. 318.) In the record before us, the only evidence of the threats or physical mistreatment is the testimony of plaintiff in error that officer Gleason beat him up and threatened to keep him in jail at a time when the two men were alone in a room at the police station. As opposed to this, we find a complete denial by Gleason and testimony by officer Tlamsa, the only other person present at any time during the questioning, that he heard no threats or promises and saw no violence used. This officer also testified that after plaintiff in error had written his statement, he told the officer he "was happy to get it

off his chest." Other factors which may be considered are that plaintiff in error made no complaint to his mother or to a bondsman who were present in the police station and to whom he was released shortly after the confession was made. In considering the voluntary or involuntary nature of the confession we think it is of some significance too that it was completely written out in longhand by plaintiff in error, making it doubtful to some degree that force or violence was used. Under the circumstances reflected by the record, we cannot say that the decision of the court that the confession was voluntary is against the manifest weight of the evidence.

Plaintiff in error also contends that the confession was erroneously admitted in evidence for the reason that all the persons who were present while it was being sought, made and signed, were not produced at the preliminary hearing on its admissibility. (See: *People* v. *Sloss,* 412 Ill. 61; *People* v. *Holick,* 337 Ill. 333; *People* v. *Rogers,* 303 Ill. 578.) While the cited cases give legal support to the contention made, we do not find that it is supported by the facts in the record. Though there is some showing that other persons and officers were present in the police station, the evidence shows without contradiction that plaintiff in error was taken to a separate room for questioning and that officers Gleason and Tlamsa were the only ones who were there present or took part in the questioning. Indeed, that was the substance of plaintiff in error's own testimony for he stated on one occasion: "Officer Gleason came in. The other officer walked out * * *." and, again he stated that no one else was present when Gleason hit and threatened him, "Officer Tlamsa was in and out." Apart from this, we do not find that plaintiff in error made any claim at the trial that others were present when the confession was procured and in this court the contention is based solely upon strained constructions which plaintiff in error would have us put upon unrelated bits of evi-

dence. We might add, too, that the abstract filed in the cause does not reflect what objections were made or passed upon at the preliminary hearing. In view of the evidence, however, it is our conclusion that the prosecution completely fulfilled its duty of bringing in those who were present when the confession was given and that the trial court committed no abuse of discretion in admitting it into evidence.

Next to be considered is plaintiff in error's argument that the People did not prove the *corpus delicti* by proper evidence, his contention being that there is no proof other than his extrajudicial confession. While it has long been the rule that a mere naked uncorroborated confession is insufficient to convict, the *corpus delicti* is not required to be proved beyond a reasonable doubt by evidence *aliunde* the confession or admissions of the accused, nor is it necessary that it be established by evidence other than that which tends to connect the accused with the crime. (*People* v. *Franklin,* 415 Ill. 514; *People* v. *Brown,* 379 Ill. 262.) The true rule is that if there is evidence of corroborating circumstances which tend to prove the *corpus delicti* and correspond with the circumstances related in the confession, both the circumstances and the confession may be considered in determining whether the *corpus delicti* is sufficiently proved in a given case. (*People* v. *Borrelli,* 392 Ill. 481.) The same evidence may be used to prove both the existence of the crime and the guilt of the defendant, the test being whether the whole evidence proves the facts that a crime was committed and that the accused committed it. (*People* v. *Brown,* 379 Ill. 262.) In this case there are many circumstances in evidence which amply corroborate plaintiff in error's confession. The record shows that on the evening of November 2, 1949, at approximately 6:00 P.M., James Nadolny, age 17, and his companion, George Mitchell, were struck by a motor vehicle while walking down a highway in the vicinity of 6400 W. Gunni-

son Street, in the city of Chicago, with the result that Mitchell was killed and Nadolny seriously injured. Ola Gosch, in front of whose florist shop the mishap occurred, heard the impact and immediately went to her front door where she saw a boy lying in the road and a sedan panel delivery truck, which made no effort to stop, speeding away to the east on Gunnison Street. She continued to observe the truck until it turned south on Nagle Street about a block from the scene of the accident. Police investigating the matter found a rearview mirror in the street near the spot where the boys were struck. Later this mirror was traced and was found to fit perfectly to the screw holes and paint chips on a panel sedan truck admittedly owned by plaintiff in error and upon which was found a "brand new" rearview mirror.

In his confession, plaintiff in error stated that on November 2, 1949, he worked on his building in the vicinity of Gunnison and Newcastle streets until it got too dark to work, then started for his home; that as he was traveling east on Gunnison it started to snow and he couldn't see; that he saw two boys but it was too late to get out of their way; that his truck struck them and he became so frightened he didn't know what to do next and went home. Anna Davidson, a neighbor to the Newcastle property, corroborated his presence there on November 2, 1949, and told of seeing him drive off in his panel truck just at dark. This witness also accurately described plaintiff in error's truck to which the mirror was traced. These facts and circumstances, together with the oral confession, established the *corpus delicti* beyond any reasonable doubt.

Plaintiff in error next assigns as error that his guilt was not proved beyond a reasonable doubt. In support of this contention it is argued chiefly that there is no direct evidence that he was the driver of the truck allegedly involved in the accident and that there were no witnesses who actually saw the truck strike the boys. It is true that

plaintiff in error's conviction rests to some extent upon circumstantial evidence. There is, however, no legal distinction, so far as their weight and effect are concerned, between direct and circumstantial evidence, and if the evidence in a criminal case, whether direct or circumstantial, satisfies the jury of the guilt of the accused beyond a reasonable doubt, it should convict. (*People* v. *Jones,* 382 Ill. 603; *People* v. *Buskievich,* 330 Ill. 532.) On review, this court will not disturb the jury's finding of guilt unless satisfied from a consideration of all the evidence that there is a reasonable doubt of the defendant's guilt. (*People* v. *Bader,* 372 Ill. 345.) In this case, plaintiff in error's truck was linked to the accident by means of the rearview mirror; he was shown to have been driving his truck shortly before the accident; and a truck of the style he was driving was seen to leave the scene of the accident. Apart from these circumstances, as observed by the Appellate Court, the confession, properly admitted in evidence, was an admission that plaintiff in error was driving the truck which struck the boys. We conclude that the record fully supports the finding of the jury and sustains the judgments of the lower courts.

For the first time, in this court, plaintiff in error urges that he has been denied his constitutional rights to due process of law and to a fair and impartial trial for the reason that a forced confession was admitted into evidence against him. Without considering the People's contention that plaintiff in error waived the constitutional issue by his failure to raise it in the Appellate Court, we need only say, as previously pointed out, that the facts in the record do not support the charge that the confession was obtained by threats and brutality, thus affording no basis for the constitutional claim now made.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*