(No. 35256.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN H. O'NEIL, Plaintiff in Error.

*Opinion filed January 22, 1960—Rehearing denied March 28, 1960.*

John R. Worthington, of Chicago, for plaintiff in error.

Grenville Beardsley, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

After a bench trial in the criminal court of Cook County, jury having been waived, the defendant, John H. O'Neil, was convicted of arson and sentenced to the penitentiary for a term of not less than seven nor more than fifteen years. Upon writ of error he now contends (1) that the *corpus delicti* was not established by competent evidence, and (2) that at a hearing in aggravation and mitigation the lower court erred in allowing oral statements to be made concerning his prior convictions without requiring formal proof thereof.

The record indicates that shortly after 7:00 A.M. on the morning of September 8, 1957, fire broke out in a basement closet located under the stairway of an apartment building occupied by some 100 individuals at 424 West St. James Place, Chicago. As a result, basement doors,

stairs, windows, walls, and ceiling were heavily charred. Defendant, who resided across the street from the apartment building, was observed watching the fire on that occasion, and a week later, being in the early morning of September 15, 1957, attempted to enter the basement of the burned building by forcing the outside doors. When accosted by the building manager, defendant explained his presence by stating that he had come over to visit a tenant whereupon he left the building and returned to his residence across the street. Not being satisfied with this explanation, the manager called the police and defendant was arrested the following day. Upon interrogation defendant admitted he had started the apartment fire by igniting "some paper there * * * with a match," and after signing a written confession, he was taken to the basement of the apartment house where he pointed out the origin of the fire and re-enacted the crime. It further appears that while in police custody the defendant threatened to commit suicide. At the time of trial, Frank J. Grady and Jerome J. Collins, the Chicago police officers who interrogated defendant, and Earl Lunsford, the building manager, testified for the People. No evidence was offered in defendant's behalf.

It is elementary that the *corpus delicti* constitutes an essential element of a criminal prosecution, and in cases of arson its proof consists not only of establishing that a building in fact burned but also that someone was criminally responsible for that occurrence. (*People* v. *Wolf,* 334 Ill. 218; *People* v. *Lueder,* 3 Ill.2d 487.) Although the voluntary confession of an accused is insufficient, without corroborating evidence, to authorize a conviction, it is not necessary that the *corpus delicti* be established by evidence completely independent of that which tends to connect the accused with the crime. (*People* v. *Nachowicz,* 340 Ill. 480; *People* v. *Gavurnik,* 2 Ill.2d 190; 14 I.L.P., Criminal Law, sec. 419.) To the contrary, if there is corroborating evidence which tends to confirm the circum-

stances related in the confession, both may be considered in determining whether the *corpus delicti* is sufficiently proved in a given case. (*People* v. *Gavurnik*, 2 Ill.2d 190.) Experience has shown that untrue confessions may be given to gain publicity, to shield another, to avoid apparent peril, or for other reasons, and because of this, the law demands corroborating proof that a crime did in fact occur before the individual is punished therefor. However, once this proof has been acquired, no further reason exists for ignoring a confession when considering whether the *corpus delicti* has been established. As pointed out in *People* v. *Nachowicz*, 340 Ill. 480, 495, "it is the mere naked confession, uncorroborated by any circumstance inspiring belief in its truth arising out of the conduct of the accused or otherwise, which is held insufficient to convict." On the other hand, as stated in *Bergen* v. *People*, 17 Ill. 426, 428: "A great variety of facts usually attend, or are incidentally connected with, the commission of every crime. Proof of any number of these facts and circumstances, consistent with the truth of the confession, or which the confession has led to the discovery of, and which would not probably have existed had the crime not been committed, necessarily corroborate it, and increase the probability of its truth."

The issue then is whether there is corroborating evidence in the present case which, together with defendant's confession, proves the existence of the *corpus delicti*.

The building manager testified that defendant was present when the apartment burned, and although its significance is lessened by the fact that he resided in the locality, it does place him upon the scene at the time of the fire. Defendant's subsequent attempt to enter the basement in the early morning hours of September 15, together with his failure to satisfactorily explain his presence there, also tends to show his familiarity with the property and to cause doubt as to the circumstances surrounding his presence at the fire. Although the location of the fire does not in and of itself

necessarily suggest arson, the fact that defendant was able not only to point out to the police the exact origin of the fire but also to completely re-enact its occurrence, strongly increases the probability that his confession was true. Furthermore, the threat of suicide, as does flight, tends to show a consciousness of guilt. (*People* v. *Duncan,* 261 Ill. 339; 14 I.L.P., Criminal Law, sec. 319.) Had the defendant not been responsible for the fire, it is doubtful whether he would have been able to re-enact the complete event. This, along with his other conduct, goes to confirm the circumstances related in the confession, and together with that confession, establishes the *corpus delicti* in the present case.

Finally, defendant contends that at the time of hearing in aggravation and mitigation the lower court erred in allowing oral statements to be made concerning his prior convictions without requiring formal proof thereof. The record discloses that, prior to sentencing, the State's Attorney related to the court, over defendant's objection, that defendant received a five-year penitentiary term on September 23, 1941, for setting a fire in Connecticut, that he received a similar sentence on November 23, 1943, for burning a military barracks, that on October 15, 1948, he set fire to a barn in Charlestown for which he received a five to seven-year sentence, and that on June 24, 1956, he was given a two-and-one-half to three-year term for burning a building in Walpole, Massachusetts. Thereafter, the following colloquy occurred between defendant's attorney and the court:

"The Court: You have a long record of this, Mr. Fitzpatrick. It goes back, I think, goes back to '43.

Mr. Fitzpatrick: According to Mr. Gordon he has. I don't know what he read it from.

The Court: Let me have a look at the record. Come in here. (Short recess and hearing resumed.)"

In his brief to this court, defendant does not deny the

1941, 1948, and 1956 arson convictions, and in his confession he readily admitted the Walpole, Massachusetts, offense. By means of his attorney's affidavit, appended to his brief, defendant does however deny that on November 23, 1943, he set fire to a military barracks for the reason that he was on that date being transferred from one Federal penitentiary to another.

In its inquiry as to aggravation and mitigation, the court is not bound by the usual rules of evidence found in criminal prosecutions but it may search anywhere within reasonable limits for other facts which tend to influence the severity of the sentence. (*People* v. *Grabowski,* 12 Ill.2d 462; *People* v. *McWilliams,* 348 Ill. 333.) Of course, it is incumbent upon the court to use care in determining the accuracy of the statements, (*People* v. *Serrielle,* 354 Ill. 182,) and it appears that such requirement was met in the present case. When defendant's counsel questioned the source of this information concerning prior convictions, the judge recessed the proceedings for the purpose of examining the record himself. Although he might have required certified copies of the various convictions, we are not prepared to say that the failure to do so constituted reversible error, especially in view of the fact that the accuracy of the statements is not materially denied. As stated in *People* v. *Riley,* 376 Ill. 364, 371, "if the prisoner at the bar has not been materially prejudiced by the procedure which the court adopts in conducting the inquiry required by the Criminal Code this court will not interfere with the judgment pronounced." It is our opinion that defendant was not prejudiced by the failure to require formal proof of his prior convictions.

For the reasons stated, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*