**People of the State of Illinois, Appellee, v. Gloria Hougas, Defendant-Appellant.**

**Gen. No. 66–69.**

Third District.

January 25, 1968.

Wolslegel & Armstrong, of Ottawa, for appellant.

Robert E. Richardson, State's Attorney of LaSalle County, of Ottawa, for appellee.

STOUDER, P. J.

Defendant-Appellant, Gloria Hougas, was indicted for the offense of arson. During a trial before a jury of the Circuit Court of LaSalle County, a motion for a directed verdict of not guilty was made by Defendant at the close of the People's case. The motion was denied by the trial court. Thereafter Defendant's counsel declined to participate further in the case and did not rest her case. It was Defendant's contention in the trial court and again renewed in this court that he had the right to appeal from the order denying his motion for directed verdict and that any further participation in the trial of the case would waive Defendant's right of appeal. Nevertheless the trial proceeded and the jury found Defendant guilty. Judgment of conviction was entered and sentence imposed. Appeals are before us, both from the order denying the motion for directed verdict, and from the judgment of conviction.

Defendant claims that the trial court erred in denying her motion for a directed verdict at the close of the People's case and further that she has the right to appeal from such order. In the absence of a statute ex-

pressly granting the right of review of a particular interlocutory decision, a case may not be taken to a reviewing court until a final judgment has been rendered, and this means a decision on the merits, or a definite and certain sentence. Village of Niles v. Szczesny, 13 Ill2d 45, 147 NE2d 371, 15 ILP, Criminal Law, § 843.

██ Defendant does not rely upon any statute or rule of court but rather on the cases of Carson v. Western Hotel Corp., 351 Ill App 523, 115 NE2d 800; People v. Washington, 23 Ill2d 546, 179 NE2d 655; People v. Slaughter, 29 Ill2d 384, 194 NE2d 193, and People v. Lacey, 49 Ill App2d 301, 200 NE2d 11. The rule announced in these cases is, if, after the denial of a motion to dismiss or directed verdict at the close of Plaintiff's evidence, the defendant introduces any evidence in his own behalf, any error relating to the motion is waived. Such rule does not thereby render the denial order an immediately appealable order but provides only that if the defendant believes the plaintiff has not sustained his required burden of proof notwithstanding the trial court's order to the contrary, the defendant must elect whether to present evidence or submit the case to the jury on the evidence produced by the plaintiff. Accordingly we believe the appeal from the order denying the directed verdict is improper.

Defendant also argues that the judgment is improper first because the trial court erroneously failed to suppress the alleged oral confession and second the People failed to prove by competent evidence, the fact that a criminal offense had occurred, that is, the corpus delicti.

██ ██ In our view of this case we do not believe it necessary to determine whether the alleged oral confession was voluntary or involuntary since even assuming the confession to be voluntary we believe the judgment is erroneous. A mere naked confession, uncorroborated by any circumstance inspiring belief in its truth arising out of the conduct of the accused or otherwise, is held insuf-

ficient to convict. Evidence independent of the confession need not establish the corpus delicti but must corroborate the fact that a criminal act has been committed. People v. Nachowicz, 340 Ill 480, 172 NE 812, and People v. Lueder, 3 Ill2d 487, 121 NE2d 743. It is not necessary that the corpus delicti be established by evidence completely independent of that which tends to connect the accused with the crime. People v. Nachowicz, 340 Ill 480, 172 NE 812. "Experience has shown that untrue confessions may be given to gain publicity, to shield another, to avoid apparent peril, or for other reasons, and because of this, the law demands corroborating proof that a crime did in fact occur before the individual is punished therefore." People v. O'Neil, 18 Ill2d 461, 165 NE2d 319.

 The corpus delicti, where the offense of arson is charged, consists of two elements; (1) That a certain result occurred, in this case the burning of a building; and (2) that some person is criminally responsible for the act. Carlton v. People, 150 Ill 181, 37 NE 244, and People v. Lueder, 3 Ill2d 487, 121 NE2d 743. Defendant argues there is no evidence independent of the alleged oral confession tending to prove that the destruction of the barn by fire was caused by any criminal act nor is there evidence tending to corroborate Defendant's alleged oral confession in this respect. The People insist that the testimony of Defendant's husband is corroborative of Defendant's confession. Initially we note the record indicates that the Defendant had been under psychiatric treatment and was apprehensive about certain consequences which might have resulted from the possible involvement of her twelve-year-old, mentally retarded, son. Both of these circumstances would tend to affect the probability of the reliability of the confession. The evidence relied upon by the People as corroborative of the confession is the testimony of the husband. He testified that he was raking hay in a field approximately 80 rods from the barn when

he saw smoke pouring from both ends of the barn. At or about the time of the fire the Defendant was in the house with the children. When the husband arrived at the barn, the hay in the barn was burning and the fire was out of control. It also appeared from the evidence that the relations between Defendant and her husband were not amicable. Such evidence does not independently establish that the fire was incendiary in origin nor do we believe that the evidence tends to corroborate the confession. Neither the Defendant's presence in the house nor the meager description of the fire itself, indicate any circumstances from which it might be inferred that the fire was willfully set. This leaves us only with the hostility between Defendant and her husband as evidence of a motive which is insufficient to support the conclusion that the fire was willfully set. In People v. O'Neil, supra, the case principally relied upon by the People, it was determined that a fire started under the stairs in a 100-unit apartment building. The facts which were sufficient to corroborate the confession were that the Defendant attempted to break into the apartment building some days after the fire, that he reenacted his activities which confirmed the determination of the place of commencement of the fire and attempted to commit suicide while in custody. The evidence, independent of the confession, in the instant case falls far short of that in the O'Neil case and in considering such evidence together with the alleged confession, we believe there is insufficient evidence to prove that the fire was the result of a criminal act.

Finding error in the judgment of the Circuit Court of LaSalle County said judgment is reversed.

Judgment reversed.

ALLOY, P. J. and CULBERTSON, J., concur.