THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY HOLMES, Defendant-Appellant.

First District (4th Division)   No. 61022

Opinion filed April 28, 1976.

James J. Doherty, Public Defender, of Chicago (Ronald P. Alwin, Dale W. Broeder, William Murphy, and Larry Sufferdin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Linda Ann Miller, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Anthony Holmes was arrested on May 28, 1973, and charged with murder. On September 27, 1973, a preliminary hearing was held before The Honorable Maurice Pompey and a finding of no probable cause was entered. Nevertheless, the defendant alone was later indicted for murder and conspiracy and, after a bench trial, he was convicted of murder and sentenced to 20 to 75 years in the Illinois State Penitentiary.

The State's evidence consisted of a confession by the accused in which he related the events leading up to and culminating with the murder which occurred on May 19, 1972. According to Holmes, he and six individuals had a meeting in early April 1972, and they discussed Joe Murphy, a prospective witness in a murder case pending against Luther Coburn, defendant's brother-in-law. The men at the meeting informed Holmes that they would put a "hit" on Murphy since he intended to testify against Coburn.

Then, on May 18, 1972, the defendant received a call from Roger Collins, one of the men at the meeting, and was told, "We're fixing to make a run." Holmes defined "run" as going to see some woman or going to stick somebody up. So, after receiving the call, he drove to Mayo Turner's apartment where he picked up Joe Lee Brown, Roger Collins, Maurice Powell and Lawrence Poree. The group left the apartment and Holmes proceeded to the Crystal Lounge on 73rd Street; then he drove them to the Bus Stop Lounge on 79th Street. When they arrived at the business establishment, he parked his car around the corner from the lounge and remained therein while his companions left the car. Five to fifteen minutes later, Holmes heard gunshots and saw people running away from the lounge. Shortly thereafter, his companions returned to the car and said, "It's done." It was at this time that Holmes noticed that two of them had guns. He started his car and left the area and drove to the 35th Street "L" where he discharged his passengers. A year later, Holmes was arrested and on May 29, 1973, he gave a written statement.

The State called two other witnesses, Charles Norris and Minnie Murphy. Norris, a bartender at the Bus Stop Lounge on the night of the murder, testified that he heard the shots but did not see who fired them. Mrs. Murphy, wife of the deceased, testified not about the occurrences on May 19, 1972, but about the Coburn case. Finally, the State introduced into evidence People's exhibit 2, Indictment 72-1458, which listed Luther Coburn as the defendant, and People's exhibit 3, the State's answer to defendant's motion for discovery in the Coburn case which listed Joe Murphy as a witness, and rested its case.

The only issue presented for review is whether the State proved the corpus delicti of the crime *aliunde* the confession.

■■■ In the United States, analytic proof of a crime can be divided into three elements: (1) the basic injury, such as the death in murder, the

burning in arson, the missing property in larceny, or the intercourse in rape; (2) the fact that the basic injury was the result of a criminal rather than a natural or accidental cause; and (3) the identification of the defendant as the perpetrator of the crime (7 Wigmore, Evidence §2072 (3d ed. 1940)). The first two elements constitute the corpus delicti or body of the crime. (See 103 U. Pa. L. Rev. 638 (1955).) Most jurisdictions in the United States hold that defendant's naked extrajudicial confession uncorroborated by other evidence is not sufficient proof of corpus delicti and, therefore, there must be independent proof that the crime was committed to warrant or sustain a conviction. (Annot., 45 A.L.R. 2d 1316, 1320 (1956).) The reason an extrajudicial confession must be corroborated by proof *aliunde* the confession is because courts have a general distrust of confessions (*Commonwealth v. Eng Chuing* (1942), 150 Pa. Super. 445, 452, 28 A.2d 710), coupled with the extreme difficulty the defendant would have disproving the confession once it had been admitted into evidence (*State v. Saltzman* (1950), 241 Iowa 1373, 1379, 44 N.W.2d 24). Another reason for a court's distrust of confessions is the fact that the defendant may be mistaken about what he confesses to either as to the facts or the law. (*Gardner v. People* (1883), 106 Ill. 76; 20 Am. Jur. *Evidence* §1233 (1939).) Finally, courts feel this rule is necessary to prevent errors in convictions based exclusively on untrue and unsubstantiated confessions, and because of their belief that sound law enforcement requires police investigations which extend beyond the words of the accused.

The rule requiring that an accused be convicted on evidence *aliunde* the confession has also been recognized by the Federal courts. (See *Opper v. United States* (1954), 348 U.S. 84, 99 L. Ed. 101, 75 S. Ct. 158; *Warszower v. United States* (1941), 312 U.S. 342, 85 L. Ed. 876, 61 S. Ct. 603.) In support of the above stated rule, the Supreme Court of the United States in *Smith v. United States* (1954), 348 U.S. 147, 99 L. Ed. 192, 75 S. Ct. 194, said:

> "The general rule that an accused may not be convicted on his own uncorroborated confession has previously been recognized by this Court, [citations], and has been consistently applied in the lower federal courts * * *. Its purpose is to prevent 'errors in convictions based upon untrue confessions alone,' [citation]; * * *." 348 U.S. 147 152-53, 99 L. Ed. 192, 198, 75 S. Ct. 194.

In Illinois the corpus delicti rule has had a very interesting metamorphosis. At one time, Illinois cases only required corroboration of any number of a great variety of facts which usually attend or are inadvertently connected with the commission of every crime. *(Bergen v. People* (1856), 17 Ill. 426.) However, later cases seem to indicate that the corpus delicti must also be proved by corroborative evidence. See *People*

*v. Gavurnik* (1954), 2 Ill. 2d 190, 117 N.E.2d 782; *People v. Harrison* (1914), 261 Ill. 517, 104 N.E. 259. In *People v. Lueder* (1954), 3 Ill. 2d 487, 488-89, 121 N.E.2d 743, our own Supreme Court quotes from *People v. Nachowicz* (1930), 340 Ill. 480, 495, 172 N.E. 812, which summarizes the law in this area:

> "While it has been held that a defendant's confession, when the *corpus delicti* is not otherwise proved, is insufficient for a conviction, this does not mean that the *corpus delicti* must be proved by the evidence, aside from the confession, beyond a reasonable doubt. On the contrary, it was early held that it is the mere naked confession, uncorroborated by any circumstance inspiring belief in its truth arising out of the conduct of the accused or otherwise, which is held insufficient to convict, and the corroborating fact or facts in proof need not necessarily, independent of the confession, tend to prove the *corpus delicti*. *(Bergen v. People,* 17 Ill. 426.) Direct and positive evidence is unnecessary to prove the *corpus delicti, (Campbell v. People,* 159 Ill. 9,) and it is not essential that it should be established by evidence independent of that which tends to connect the accused with its perpetration. The same evidence which tends to prove one may also tend to prove the other, so that the existence of the crime and the guilt of the defendant may stand together inseparable on one foundation of circumstantial evidence. *(Carroll v. People,* 136 Ill. 456.) The crime being clearly shown, independently of admissions or confessions, to have been committed by some person, the admissions or confessions freely or voluntarily made may be considered in connection with the other evidence to establish the *corpus delicti,* and it is sufficient if evidence of other facts and circumstances so fully corroborates the confession as to show the commission of the offense beyond a reasonable doubt. *Gore v. People,* 162 Ill. 259; *People v. Hein,* 315 id. 76."

■■ In the instant case the defendant was convicted of murder, although a count in the indictment also charged him with conspiracy. (See Ill. Rev. Stat. 1971, ch. 38, §8—5.) In order to convict the defendant of murder, the State had to establish by evidence *aliunde* the confession that the accused conspired with other individuals to kill Joseph Murphy. Here the prosecution failed to establish that defendant was guilty of conspiracy because they failed to establish by way of extrinsic evidence that would corroborate the confession that an overt act was committed by defendant in carrying out the conspiracy. *(People v. Kroll* (1972), 4 Ill. App. 3d 203, 280 N.E.2d 528.) Unless the State can establish the existence of a conspiracy, defendant, as a conspirator, would not be liable for the acts of

his co-conspirators. *(People v. Olivier* (1972), 3 Ill. App. 3d 872, 279 N.E.2d 363.) When we examine the State's evidence which consisted of the testimony of an employee who heard the shots but did not see the perpetrator or perpetrators of the offense, a coroner's report, a murder indictment with defendant's brother-in-law listed as defendant, and the State's answer to the defendant's motion for discovery in the Coburn trial which listed the decedent as a prospective witness, we discover that there is no independent evidence, facts or circumstances which corroborates the confession and establishes that Holmes conspired with other individuals to bring about the physical demise of Joseph Murphy. The People admit that their evidence only established that the decedent died as a result of multiple gunshot wounds to the heart and that the death was a felonious killing. But this evidence does not establish a conspiracy. Although the same evidence may be used to prove both the existence of the crime, herein conspiracy, and the guilt of defendant, the test becomes whether the whole evidence proves the fact that a crime was committed and the accused committed it. *(People v. Perfecto* (1962), 26 Ill. 2d 228, 186 N.E.2d 258.) Other than defendant's naked confession, which was obtained 1 year after the commission of the crime, the State failed to produce a scintilla of evidence that established a nexus between the defendant and the individual or individuals who committed the crime.

When we examine those Illinois cases that have culminated in conviction, there was extrinsic evidence which corroborated the confession and thereby proved the corpus delicti of the crime beyond a reasonable doubt. In *People v. Jones* (1962), 26 Ill. 2d 381, 186 N.E.2d 246, the defendant was prosecuted for murder. The facts reveal that the decedent's body was found 4 months after the murder in a cornfield. And, although the defendant confessed to the crime, the State had independent evidence that the victim was last seen alive at the carnival grounds where, according to defendant's statement, he entered the defendant's car. Additionally, the body was located by hunters where defendant claimed he abandoned it. Finally, the defendant fled after being questioned about the murder by police. The court held that the corpus delicti was proved beyond a reasonable doubt.

In *People v. Perfecto* (1962), 26 Ill. 2d 228, 186 N.E.2d 258, the defendant's conviction for forcible rape was affirmed. There the defendant related visiting the room of his 75-year-old victim twice on the evening in question, beating her into insensibility when she resisted his advances and having intercourse with her. Independent confirmation of these facts was established by a witness, an acquaintance of defendant who stopped by defendant's room for a drink at the time the offense was committed, who testified that defendant was out of his room on two occasions, that he saw defendant coming out of the victim's room and that

he saw scratches on defendant's left shoulder and a bite on his right shoulder. The victim's room was in disarray, papers were all over the floor, and she was bleeding and had a broken collar bone. Also see *People v. Gavurnik* (1954), 2 Ill. 2d 190, 117 N.E.2d 782; *People v. Taylor* (1972), 6 Ill. App. 3d 343, 285 N.E.2d 489.

On the other hand, if there was no corroborative evidence, Illinois courts have reversed the convictions. In *Bergen v. People* (1856), 17 Ill. 426, the defendant was charged with incest. However, the only witness to the crime, the victim, was taken beyond the jurisdiction of the court by the defendant. The court reversed the conviction and stated, "Without proof, *aliunde*, mere confessions that the crime charged has been committed by some one, or of some fact or circumstance confirmatory of the confession, a party accused of crime cannot be found guilty, unless such confession be judicial or in open court."

Likewise in *People v. Lueder* (1954), 3 Ill. 2d 487, 121 N.E.2d 743, another case in which a court reversed a conviction because of the absence of independent evidence to corroborate the confession. In that case the defendant was prosecuted for arson, but the only evidence independent of the confession was the testimony of defendant's employer that a cemetery building burned and that defendant was an employee. The court found this evidence insufficient since there was no evidence *aliunde* the confession which would establish that someone willfully set fire to the building or other facts or circumstances so fully corroborating the confession as to show the commission of the offense beyond a reasonable doubt. The rule that the corpus delicti cannot be proved by the confession of the defendant alone must be applied.

■■ As we can see, corroboration of the facts or circumstances appearing in evidence, independent of the confession and consistent therewith tending to confirm and strengthen the confession, is required if a court is to convict. Here we have nothing more than defendant's extrajudicial confession uncorroborated by independent evidence which would strengthen and confirm it. No eyewitnesses to the shooting were called. The evidence herein is legally insufficient to establish the corpus delicti of the crime *aliunde* the confession. Therefore, the conviction of the defendant must be reversed.

Reversed.

ADESKO and DIERINGER, JJ., concur.