THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHIRLEY HARRIS, Defendant-Appellant.

Second District   No. 77-491

Opinion filed February 15, 1979.—Rehearing denied March 19, 1979.

Mary Robinson and Elizabeth E. Clarke, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The defendant, Shirley Harris, was charged with the crime of forgery (Ill. Rev. Stat. 1977, ch. 38, par. 17—3). After a jury trial she was convicted and sentenced to 1-6 years in the penitentiary. She appeals, raising five issues, which we have reviewed but which we will not enumerate herein for reasons of economy. Each of these issues, in our opinion, would be considered harmless error beyond all reasonable doubt, since they would only be prejudicial in a close case if overwhelming evidence of the defendant's guilt is contained in the record. Thus, it is clear that the sole real issue before this court is whether such overwhelming evidence exists.

We have carefully examined all aspects of the record, including all evidence and testimony. That record reveals proof that check No. 268303 was drawn by the Waukegan Public Schools for the amount of $376.90 and made payable to one Ruth Ruston. The proof also showed that the check had been stolen and cashed for its face amount after being falsely endorsed by someone other than the payee. Expert testimony was introduced which proved that the defendant's fingerprints were upon the check. Finally, a written confession by the defendant was also introduced into evidence. In that document the defendant admitted taking the check in question, signing the payee's name, and cashing it. We note that this confession had been challenged by the defendant in a pretrial motion to suppress which had been denied. We also note that any objections to that document have not been preserved for review. The issue of the admissibility of the confession was not raised in the post-trial motion and has not been raised in this appeal. Therefore, insofar as the determination of this appeal is concerned, the defendant's confession is competent evidence of her guilt.

■■ While the courts of Illinois have repeatedly stated that a conviction cannot stand which is based upon a confession alone, it is well-settled that a confession, when corroborated by some other extrinsic evidence sufficient to prove the existence of the *corpus delicti,* will sustain such a conviction.

> "Proof that the crime has been committed by some one is necessarily corroborative of a confession by the defendant that he committed the crime; for it establishes a fact essential to the guilt of the accused, and which would be included in the crime confessed. * * * The corroborative evidence, therefore, must consist of facts or circumstances, appearing in evidence, independent of the confession, and consistent therewith, tending to confirm and strengthen the confession. * * *
>
> It is the mere naked confession, uncorroborated by any

circumstance inspiring belief in the truth of the confession, arising out of the conduct of the accused, or otherwise, we hold insufficient to convict, and the corroborating fact or facts in proof need not necessarily, independent of the confession, tend to prove the *corpus delicti.*" *Bergen v. People* (1856), 17 Ill. 426, 428-29.

In *People v. Jones* (1962), 26 Ill. 2d 381, 186 N.E.2d 246, the supreme court, in a considerable discussion of this issue, reaffirmed the rule of law laid down in *Bergen:*

"We are of the opinion that the sound rule is that originally laid down in *Bergen v. People* * * *

* * *

* * * the opinions of this court, although they frequently merge the discussions of other issues with this one, adhere basically to the *Bergen* case." (26 Ill. 2d 381, 385-86, 186 N.E.2d 246, 249.)

See also *People v. Holmes* (1977), 67 Ill. 2d 236, 367 N.E.2d 663; *People v. Norcutt* (1970), 44 Ill. 2d 256, 255 N.E.2d 442; *People v. O'Neil* (1960), 18 Ill. 2d 461, 165 N.E.2d 319; and *People v. Bishop* (1934), 359 Ill. 112, 194 N.E. 238.

■■ We find in the instant case that there was more than sufficient extrinsic evidence to prove that the crime of forgery had been committed. The proof of existence of the defendant's fingerprints upon the check and the unquestionably probative and valid confession make it apparent that this defendant is guilty of that crime beyond all reasonable doubt. Accordingly, any ruling upon the other issues raised by this defendant would be purely an academic exercise which we chose not to perform. The conviction of this defendant is hereby affirmed.

Affirmed.

LINDBERG and NASH, JJ., concur.