114 Ill. App.3d 522 (1983)
448 N.E.2d 1036
In re D.A., a Minor.  (The People of the State of Illinois, Petitioner-Appellee,
v.
D.A., Respondent-Appellant.)
No. 82-535.
Illinois Appellate Court  Second District.
Opinion filed May 3, 1983.
G. Joseph Weller and Paul Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.
J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
Order reversed.
JUSTICE REINHARD delivered the opinion of the court:
Respondent, D.A., appeals from a dispositional order of the circuit court of Du Page County committing her to the Department of Corrections, Juvenile Division, after she had been previously adjudged to be a delinquent minor and made a ward of the court. The adjudication that she was a delinquent minor was based on a finding that respondent *523 had committed the offense of arson by setting fire to a building of the Camelot Care Center located in Palatine, Illinois, in violation of section 20-1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 20-1(a)).
Respondent raises the following issues on appeal: (1) whether the finding that respondent committed arson must be reversed because the State failed to present evidence, independent of respondent's admissions, to prove the corpus delicti of the offense; (2) whether the finding of delinquency must be reversed because the State failed to properly allege and prove venue; and (3) whether the State's failure to name the respondent's legal guardian, Sarah Bassett, supervising probation officer, Juvenile Division, Du Page County Probation Office, as a respondent in the supplemental petition violated the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 701-1 et seq.) and deprived the court of jurisdiction. Since we find the first issue to be dispositive, we will not discuss the others and will only set forth the facts necessary for the resolution of the first issue.
Respondent was found to be a minor otherwise in need of supervision (Ill. Rev. Stat. 1981, ch. 37, par. 702-3) and was adjudged to be a ward of the court on March 19, 1982. On April 2, 1982, she was granted supervision for one year and placed in the Camelot Care Center pending permanent foster placement. On May 20, 1982, the State filed a supplemental petition seeking to have respondent found to be a delinquent minor. The supplemental petition alleged, inter alia, that respondent committed the offense of arson in that on or about May 7, 1982, respondent, by means of fire, knowingly damaged a building of the Camelot Care Center.
The State called Emil Jensen, a fire investigator for the village of Palatine, as a witness at the adjudicatory hearing on this matter. He testified that on May 7, 1982, at approximately 9:45 a.m., he was called by telephone to investigate a fire, which had occurred that day, in a building of the Camelot Care Center. He stated that he examined the building and determined that the fire had originated in a second floor bathroom. He was not asked about, and did not testify to, the cause of the fire. He was not asked to render an opinion whether the fire was knowingly set by some person or not.
Jensen stated that he had a conversation with respondent on May 7, 1982, during his investigation of the fire. He testified that respondent told him that at approximately 9 o'clock that morning she and the other residents of the building went out to the car to go to the dentist. Respondent told him that she forgot her coat and that she went back into the building to get it. She said she was in the building for *524 three or four minutes, then returned to the car. She and the others then left for the dentist. Respondent told him that she had not seen smoke or fire in the building at that time and that she knew everyone else was out of the building waiting to go to the dentist or to school.
The State called Tina Schweikhardt as a witness. She testified that she had had a telephone conversation with respondent on May 13 or 14, 1982, in which respondent said, "Yeah, ha, ha, I set Camelot on fire." Schweikhardt further testified that after this conversation she received a letter, which she recognized as being in respondent's handwriting. This letter was admitted into evidence.
The letter was dated "5-9-82" and contained the following passage:
"I'm at another Group home called Keritas. You're gonna laugh when you hear why! I set Camelot on fire!! I made sure nobody was in our cottage & I set a box of Kotex on fire in the bathroom closet! I said I was just going back in to get my purse (they were waiting in the van) & that's when I did it. Then when we got back, the place was burned down & the fire department was there. $500,000 in damage, plus all the records were burned up. SAD! I acted like I was shocked. The fire dept. thinks it was caused by the curling iron! HA HA."
This letter was signed with respondent's first name. Respondent's mother also testified that this letter was in respondent's handwriting.
Other witnesses testified at the adjudicatory hearing but their testimony is not relevant to the resolution of the issue of the proof of corpus delicti raised by respondent.
 1 In order for a conviction based upon a confession to be sustained, the confession must be corroborated. (People v. Willingham (1982), 89 Ill.2d 352, 358-59, 432 N.E.2d 861.) Two reasons for this requirement are commonly given: (1) that confessions are unreliable if coerced and (2) that for various psychological reasons individuals "confess" to crimes that either have never occurred or for which they are not legally responsible. People v. Dalton (1982), 91 Ill.2d 22, 29, 434 N.E.2d 1127.
The corroboration requirement is satisfied by proof of the corpus delicti. (People v. Willingham (1982), 89 Ill.2d 352, 359, 432 N.E.2d 861.) In order to have proved the corpus delicti in this arson case, the State must have proved: (1) that the burning of a building occurred and (2) that someone was criminally responsible for that burning. (People v. O'Neil (1960), 18 Ill.2d 461, 463, 165 N.E.2d 319; People v. Lueder (1954), 3 Ill.2d 487, 489, 121 N.E.2d 743; People v. Aponte (1977), 45 Ill. App.3d 1030, 1035, 360 N.E.2d 424.) Respondent does *525 not dispute that the State proved that a building had been burned. She argues that the State failed to present any evidence that anyone was criminally responsible for the fire.
 2 Some evidence, exclusive of the confession, which tends to show that a crime has occurred, must be presented in order to establish the corpus delicti, and the trustworthiness necessary, to corroborate a confession. (People v. Willingham (1982), 89 Ill.2d 352, 358, 432 N.E.2d 861.) While this independent evidence, apart from the confession, need not establish beyond a reasonable doubt that an offense has occurred, it must tend to prove that an offense has been committed by someone. (People v. Willingham (1982), 89 Ill.2d 352, 361, 432 N.E.2d 861.) If independent evidence tending to show that a crime has occurred exists, then a confession may be considered along with this independent evidence to establish beyond a reasonable doubt that the crime has occurred. (People v. Willingham (1982), 89 Ill.2d 352, 361, 432 N.E.2d 861; People v. Barkenlau (1982), 105 Ill. App.3d 785, 787, 434 N.E.2d 856.) Thus, the issue here is whether the State presented evidence, independent of respondent's admissions, which tended to prove that someone was criminally responsible for the fire at the Camelot Care Center. If such independent evidence was presented, then respondent's admissions may be considered, along with this evidence, in determining whether the corpus delicti of arson has been proved beyond a reasonable doubt.
The record discloses that the State, inexplicably, failed to introduce any evidence which tends to prove that someone was criminally responsible for the fire. Jensen, the fire investigator, testified only that the fire originated in the second floor bathroom. He did not testify that the fire appeared to have been deliberately started. In fact, he was never asked his opinion of the cause of the fire nor was he asked whether the fire was of human origin. No other witnesses testified as to the cause of the fire. Where the independent evidence tends to establish only that a building burned, and there is nothing, save the confession alone, which tends to corroborate the element that some person knowingly fired the building, the corpus delicti has not been proved. People v. Lueder (1954), 3 Ill.2d 487, 489-90, 121 N.E.2d 743; People v. Hougas (1968), 91 Ill. App.2d 246, 249-50, 234 N.E.2d 63.
Jensen also testified that respondent told him she was in the building around 9 a.m. and that everyone else was outside. However, respondent's mere presence at the scene of the fire, sometime before the fire, without other facts, is not evidence which tends to show that someone was criminally responsible for the fire. See People v. Hougas (1968), 91 Ill. App.2d 246, 250, 234 N.E.2d 63.
*526 The State cites People v. O'Neil (1960), 18 Ill.2d 461, 165 N.E.2d 319, where the court upheld a conviction for arson though "the location of the fire [did] not in and of itself necessarily suggest arson." (18 Ill.2d 461, 464-65, 165 N.E.2d 319.) However, O'Neil is distinguishable from this case. There the corroborating facts included defendant's attempt, several days after the fire, to enter the locked basement where the fire had originated. Defendant not only confessed but showed police the exact origin of the fire and completely reenacted its occurrence. He also threatened suicide. The court held that these facts were sufficient corroboration of the confession, and that together with the confession they established the corpus delicti. No corroborating facts were present here. The State has completely failed to present any independent evidence which tends to establish that anyone was criminally responsible for the fire.
 3 In addition, the State maintains that the delinquency adjudication based upon respondent's admissions can be upheld if independent evidence corroborates these admissions. However, a similar argument was rejected in People v. Willingham (1982), 89 Ill.2d 352, 432 N.E.2d 861, wherein our supreme court held that while corroborating evidence that tends to confirm the circumstances related in the confession may be considered in determining whether the corpus delicti is sufficiently proved, this does not obviate the requirement that either some independent evidence, or the corroborating evidence, tend to establish that a crime occurred. (89 Ill.2d 352, 360, 432 N.E.2d 861; see McCormick, Evidence sec. 158, at 346-47 (2d ed. 1972).) There is no evidence in this record, absent respondent's admission, that anyone was criminally responsible for the fire.
For the foregoing reasons the order of the circuit court of Du Page County is reversed.
Reversed.
LINDBERG and VAN DEUSEN, JJ., concur.