THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY L. CARTER, Defendant-Appellant.

First District (5th Division)   No. 1—88—1021

Opinion filed June 29, 1990.

Randolph N. Stone, Public Defender, of Chicago (Emily Eisner, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, Kenneth T. McCurry, and Angela Tisdale, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LORENZ delivered the opinion of the court:

This appeal follows a bench trial in which defendant Anthony L. Carter was convicted of arson and aggravated arson (Ill. Rev. Stat. 1985, ch. 38, pars. 20—1(a), 20—1.1(a)). Defendant here contends the State failed to prove him guilty beyond a reasonable doubt because it did not show the fire resulted from defendant's criminal acts.

We affirm.

The incident at issue occurred in a two-flat apartment building, located at 733 North Trumbull Avenue in Chicago. Lynne Baggett, defendant's former girlfriend, lived in the second-floor apartment of the building. Lynne Baggett's sister, Hazel Toney, lived in the first-floor apartment with her husband and four children. Thomas Baggett, Lynne Baggett's brother, lived in the basement.

At trial, Hazel Toney testified that shortly after being awakened by her alarm clock at about 5 a.m. on October 31, 1986, she heard a person walk from the front door up the building's hall stairway and come back down. A few minutes later, she again heard someone go up the stairway and come back down. Hazel stated that about 10 minutes later, firemen arrived at the building and asked her if she had called the fire department. When she stated she had not, the firemen left. Hazel testified she did not smell any smoke at that time.

Hazel stated she started to go upstairs and then smelled smoke in the hall. She knocked on the door to the second-floor apartment, but there was no answer. Hazel stated she ran down to the basement and awoke her brother. The two went up a back stairway and entered the second-floor apartment. Hazel then observed that the window in the second-floor hallway had been burned. She noticed smoke all over the hall, the stairs, and the wall under the window, but, she stated, she did not actually see a fire.

Thomas Baggett testified as to substantially similar facts. Additionally, he stated that after seeing the smoke, he telephoned his father, who owned the building, to advise him of the fire. He did not

call the fire department. Thomas stated that about 10 minutes after he called his father, defendant telephoned, asked for Lynne Baggett, and inquired as to what was happening. Thomas told defendant Lynne was not there. He did not tell defendant about the fire. When his father arrived, Thomas went downstairs to his apartment. Shortly thereafter, Thomas testified, defendant came to the basement apartment and asked him something, although Thomas could not remember what defendant had asked.

Garrett Wolfe resided across the street from the building where the incident occurred. Wolfe, who stated he suffered from insomnia, testified that at approximately 5 a.m. on October 31, 1986, he was looking out his front window and saw defendant go in the front door of the building. Wolf stated he observed defendant come out of the building and walk down the street. Wolfe saw defendant return to, re-enter, and then exit the building.

Chicago police detective Leonard Rolston was qualified upon stipulation of the parties as an expert on the causes and origins of fires and testified as to his investigation of the fire. Rolston stated he observed fire damage to the hallway between the first and second floors and on the second floor. He stated the fire had damaged a window frame, all four walls in the hallway, the hallway landing, the ceiling, and the floor. Rolston stated he determined, at that time, that the fire was not accidental, but was set by an individual. He testified that he determined the fire had been set with either a lighter or matches. Rolston explained the curtains to a window had been burned by applying an open flame. The carpeting and floor were burned when the burning material fell. Rolston discounted the possibility that the fire was of electrical origin because the only electric source in the hallway was a light fixture which was not damaged. He further stated he did not see evidence of any accelerant.

Rolston interviewed Lynne Baggett, Thomas Baggett, Hazel Toney, and Garrett Wolfe.

Rolston subsequently located defendant and brought defendant to the police station about 9:30 p.m. on November 3, 1986. Defendant told Rolston that he was home at the time of the fire. Defendant stated that he was not aware of the fire until Thomas Baggett told him about it when he spoke to Thomas on the telephone at about 5:30 a.m. on October 31, 1986. After Rolston told defendant Garrett Wolfe had seen him entering and leaving the building, defendant admitted that he started the fire.

Defendant explained to Rolston that he and Lynne Baggett had had a violent argument a few days before the fire because defendant

believed Baggett to be involved with another man. Defendant told Rolston he tried to telephone Baggett several times in the early morning on the day of the incident. When Baggett did not answer the telephone, defendant thought his belief that Baggett was with another man was confirmed.

Defendant told Rolston that he became increasingly angry as he thought about the situation. Defendant mentioned to Rolston that he had partially remodeled the hallway in the building at Baggett's request. Defendant explained to Rolston that he went over to her apartment and ignited the curtains by the window with some matches. Defendant told Rolston he left the hallway, walked outside, stood out in front of the building for awhile, and then reentered the building, intending to extinguish the fire. However, defendant stated, the smoke was too intense and he left the building and called the fire department. Defendant said that he was willing to pay for the damage.

Odell Baggett, Lynne Baggett's father, testified that at about 5:30 a.m. on October 31, 1986, he received a telephone call from his son regarding the fire. Baggett said that defendant came to the building at about 6:30 a.m. that day. Baggett added defendant visited him some time after the fire and had offered to pay for the damage to the building.

The parties stipulated that at 5:23 a.m. on October 31, 1986, a telephone call was received by the Chicago Fire Department regarding a fire at the building. The firemen arrived at that location at 5:25 a.m., and returned to the station at 5:33 a.m.

Lynne Baggett testified that she had dated the defendant for approximately one year and had ended the relationship with him about a week before the incident.

Defendant testified that at about 5 a.m. on October 31, 1986, he was at a girlfriend's house. Defendant stated that after he spoke to Lynne Baggett's nephew on the telephone that morning, he went over to the building. It was approximately 6 a.m. Defendant denied being at the building between 5 and 5:30 a.m. Defendant also denied setting the fire. Although defendant acknowledged that he spoke to Detective Rolston, defendant denied making the inculpatory statements Rolston attributed to him.

Defendant was subsequently convicted.

OPINION

On appeal, defendant contends he was not proved guilty beyond a reasonable doubt because the State did not prove the fire was of incendiary means and not an accident. Defendant notes there were no

witnesses to the fire and there was no evidence of the use of an accelerant. Defendant further claims that, notwithstanding his purported statements to Rolston, the evidence showed merely that a fire occurred and that alone is insufficient to establish the *corpus delicti* of the crimes charged.

■ The *corpus delicti* for the offense of arson consists of two elements: the burning of a building which is caused by an individual's criminal act. (*People v. Lueder* (1954), 3 Ill. 2d 487, 121 N.E.2d 738.) While the *corpus delicti* may not be proven through a confession alone (*People v. Lambert* (1984), 104 Ill. 2d 375, 472 N.E.2d 427), and independent evidence must exist tending to prove an offense was committed by someone, that evidence need not establish the offense beyond a reasonable doubt (*In re D.A.* (1983), 114 Ill. App. 3d 522, 448 N.E.2d 1036). Generally, in considering whether the *corpus delicti* of a crime has been established, the supreme court has directed that if evidence, independent of a confession, *tends* to prove that an offense occurred, then such evidence, if corroborative of the facts contained in the confession, may be considered along with the confession in establishing the *corpus delicti*. (*People v. Willingham* (1982), 89 Ill. 2d 352, 361, 432 N.E.2d 861, 865.) The issue then is whether the State presented evidence, independent of defendant's admissions, which tended to prove that defendant was criminally responsible for the fire.

We must first point out two misrepresentations of the record contained in defendant's reply brief. Reference is made that the State presented no evidence to preclude the possibility that the fire was accidentally caused "while Mr. Carter smoked cigarettes in the hallway awaiting his girlfriend's return." The record contains no testimony to establish that defendant was smoking in the hallway. Reference is also made that, immediately after the fire, defendant "knock[ed] on residents' doors in alarm" to alert them. Not only is there no testimony to establish that fact in the record, but the record contains testimony by Detective Rolston that defendant specifically admitted to him that defendant "panicked" when he could not extinguish the fire and did not awaken the residents.

■ Addressing defendant's assertions, we find that there was sufficient independent evidence tending to establish defendant committed the offenses charged. Detective Rolston's testimony indicated that his investigation eliminated all accidental causes for the fire. Rolston testified that the fire was set by an individual who applied a flame to the curtains.

Unlike the cases relied on by defendant, *People v. Gugliotta* (1980), 81 Ill. App. 3d 362, 401 N.E.2d 262, and *People v. Hougas*

(1968), 91 Ill. App. 2d 246, 234 N.E.2d 63, we believe Rolston's testimony tended to show criminal agency. In neither *Gugliotta* nor *Hougas* did any independent evidence exist to establish that the fires in those cases had incendiary origins. Here, the independent evidence supplied through Rolston's testimony was corroborative of the facts in defendant's confession. Rolston testified defendant admitted he went upstairs to the second-floor hallway and started the curtains on fire with some matches. Rolston testified that his independent examination of the scene indicated the fire was started by someone setting the curtains on fire with an open flame. We may consider Rolston's testimony as to his investigation together with the evidence of defendant's admissions for purposes of determining whether the evidence sufficiently established the *corpus delicti* for the offenses. We believe the *corpus delicti* was proven. Additionally, we note that Lynne Baggett's testimony established defendant's motive for setting the fire which was corroborative of the evidence of defendant's admissions. We note also that defendant did not dispute his presence at the scene.

We therefore find no reason to disturb defendant's convictions.

Pursuant to the State's request under *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, defendant is assessed $50 for this appeal.

Affirmed.

COCCIA, P.J., and MURRAY, J., concur.