Appellant Marrick L. Garner appeals his guilty plea conviction of rape in the second degree by presenting one issue: he contends that there was an inadequate factual basis to sustain the acceptance of his guilty plea by the court.
It appears that appellant was 23 years old and the victim 15 years old when the alleged offense occurred. The colloquy at the sentencing proceeded along these lines:
 "THE COURT: You are charged with rape in the first degree, and the State is moving to amend that to rape in the second degree. Do you understand that?
"THE DEFENDANT: Yes, sir.
"THE COURT: Do you consent to the amendment?
"THE DEFENDANT: On second degree? Yes, sir.
"THE COURT: Do you want the indictment read to you?
"THE DEFENDANT: No, sir.
"THE COURT: Do you understand the charge against you?
"THE DEFENDANT: Yes, sir.
". . . .
 "THE COURT: To the charge of rape in the second degree how do you plead?
"THE DEFENDANT: Guilty. *Page 940 
 "THE COURT: Is that because you in fact did the offense designated in the indictment? Raped the person, or is there some other reason?
 "THE DEFENDANT: Just because I had sex, I did not rape her.
"THE COURT: Then I cannot accept your plea. . . ."
The court then recessed, and later the same day the following took place:
 "THE COURT: Mr. Garner, I informed you that I would not accept your plea to rape in the second degree. I have reviewed the statute and the elements that are necessary to the offense in this case. It is my understanding that you are admitting to having had sex with the alleged victim in this case, is that correct?
"THE DEFENDANT: Yes, sir."
The offense in this case had been reduced to rape in the second degree, the old "statutory rape" in which the consent of the underage victim is not a defense. Therefore, an admission by the appellant that he "had sex" with the underage female is an entirely sufficient basis upon which to accept a guilty plea.
Appellant's argument that the phrase "having sex" is ambiguous and indefinite is without merit. We can think of no set of circumstances where the words "having sex" would not have the same meaning as the words "having sexual intercourse." To find otherwise would be to ignore the common understanding and usage of the language.
We note further that nothing is more common than to hear an accused person who is pleading guilty begin to equivocate about the facts of the case. Human nature and the instinct for self-preservation causes accused persons to shade or mitigate in some fashion the facts surrounding the offense to which they are pleading guilty. It should not be expected that an accused, in pleading guilty, will answer, "Yes, I did the crime," or "Yes, I raped her."
The only factual basis required for a guilty plea is that which will satisfy the court that the appellant knows what he is pleading guilty to, and we find that requirement was met in this case.
Finding no error on the part of the trial court, we affirm.
AFFIRMED.
All the Judges concur.