The appellant, Dennis Lee Harris, appeals from the circuit court's summary denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P. On December 3, 1998, Harris pleaded guilty to one count of first-degree kidnapping, a violation of § 13A-6-43, Ala. Code 1975. Pursuant to the negotiated plea agreement entered into by Harris and the State, he was sentenced to 25 years' imprisonment. Harris did not appeal from his conviction. However, on or about August 8, 2000,
Harris[1] filed the Rule 32 petition at issue here, arguing that the trial court was without jurisdiction to render the judgment or to impose the sentence; that his guilty plea was involuntary; and that his trial counsel was ineffective. The circuit court denied Harris's petition without an evidentiary hearing, finding that Harris had "failed to plead or to *Page 1005 
prove, separately and severally, the facts necessary to entitle [him] to relief," adopting as its findings of fact "those matters in [the] District Attorney's responses to said petition."
Harris contends that the circuit court erred in denying his Rule 32 petition without first conducting an evidentiary hearing. Specifically, he claims that he presented sufficient facts which, if true, entitle him to relief.
A challenge to the voluntariness of a guilty plea may be presented for the first time in a timely filed Rule 32 petition. See Cantu v. State,660 So.2d 1026, 1027 (Ala. 1994); Faulkner v. State, 741 So.2d 462
(Ala.Crim.App. 1999); Boykin v. State, 708 So.2d 210 (Ala.Crim.App. 1997).
Harris argues that the circuit court erred in rejecting his claim that the court was without jurisdiction to render the judgment or to impose the sentence because, he says, the evidence did not establish each of the elements of first-degree kidnapping. Although Harris couches this claim in jurisdictional terms, it is not a jurisdictional claim. See Tilleryv. State, 647 So.2d 87 (Ala.Crim.App. 1994) (issues relating to the factual basis for a guilty plea are not jurisdictional and do not go to a guilty plea's voluntariness). Thus, the circuit court correctly denied relief sought on the basis of this claim.
We now turn to Harris's two remaining claims. Harris argues that his guilty plea was involuntary because, he says, the trial court did not advise him of the correct minimum sentence authorized by law. Harris alleges facts that, if proven, would warrant relief, i.e., that the circuit court failed to correctly advise him of the maximum and minimum sentence authorized by law. See Avery v. State, [Ms. CR-98-1237, November 19, 1999] ___ So.2d ___ (Ala.Crim.App. 1999). There is no transcript of the guilty plea colloquy in the record. The State, in its answer to Harris's petition, acknowledged the lack of a transcript:
 "With respect to `ground 2' of the petition, the state requests the court to order that a transcript of the entire guilty plea be prepared and made available to the parties to this cause. Whether this petition is due to be granted depends on whether the state was actually proceeding under the provisions of the Habitual Offender Act. At the time the guilty plea was negotiated, reference was made to the National Crime Information Center computer printout which (to the best recollection of the district attorney) showed more than one conviction. However, by the time the court was set the state had been unsuccessful in obtaining exemplified copies of a previous conviction or previous convictions. Only a transcript would show the specific events that occurred at the time the guilty plea was entered. The district attorney who negotiated the guilty plea and who is preparing this response was not present at said guilty plea hearing."
(C. 29.)
Neither the State's answer nor the circuit court's order denying Harris's petition refutes Harris's claim that he was incorrectly advised of the maximum and minimum sentence authorized by law. See Baker v.State, 717 So.2d 859, 861 n. 2 (Ala.Crim.App. 1996) ("District attorneys would be well advised when answering Rule 32 petitions presenting `voluntariness' claims to take steps to generate transcripts of the guilty plea proceedings under attack when transcripts of those proceedings do not already exist."). Thus, it is necessary to remand this case for further findings as to the merits of Harris's claim. *Page 1006 
The record further reflects that Harris was convicted after the Alabama Supreme Court decided Ex parte Ingram, 675 So.2d 863 (Ala. 1996). Under the procedures outlined in Ingram, a defendant may bring an ineffective-assistance-of-counsel claim in a timely Rule 32 petition. Harris filed his petition within the two-year limitations period set out in Rule 32.2(c), Ala.R.Crim.P. Thus, the ineffective-assistance-of-counsel claims raised in the petition are not procedurally barred. Moreover, because Harris's claim of ineffective counsel also involves his counsel's conduct as it relates to the alleged errors during the plea proceeding, we are unable to say, at this time, that Harris failed to plead any facts that would entitle him to relief.
This case is remanded to the circuit court with instructions that the court enter a new order addressing Harris's claims. In remanding this case, we encourage the circuit court to order that a transcript of Harris's 1998 guilty plea hearing be prepared and that a copy of that transcript be included in the court's return to remand. Should the circuit court deem it necessary to hold an evidentiary hearing addressing Harris's claims,[2] the circuit court's return to remand shall include a transcript of those proceedings. Rule 32.9(d), Ala.R.Crim.P., requires the circuit court to "make specific findings of fact relating to each material issue of fact presented." See also Ex parte Walker, 652 So.2d 198
(Ala. 1994); Smith v. State, 665 So.2d 954 (Ala.Crim.App. 1994). However,
 "if the court finds that a particular allegation fails to meet the specificity requirements of Rule 32.6(b), we encourage the court to so note with particularity in its written findings. It is to do likewise if it finds that a particular allegation fails to state a claim or to present any material issue of fact or law that would entitle [the petitioner] to relief. In other words, the court's written findings are to address individually each claim not precluded by Rule 32.2."
Harper v. State, 676 So.2d 949, 950 (Ala.Crim.App. 1995), aff'd,698 So.2d 796 (Ala.Crim.App. 1996) (table). Finally, if the court's findings are based on its personal knowledge of Harris's guilty plea proceedings, then the order should so state. See Sheats v. State,556 So.2d 1094, 1095 (Ala.Crim.App. 1989).
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
MCMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
[1] Generally, a Rule 32 petition is deemed filed on the date it is mailed. However, Harris failed to include this information in his petition. (C. 16.) Based on the record before us, Harris's petition was filed no earlier than August 4, 2000 — the date of the verification under oath (C. 28) — and no later than August 8, 2000, the date the petition was received by the circuit clerk.
[2] See Rule 32.9(a), Ala.R.Crim.P.