SHAW, Judge.
Hershell King appeals the circuit court’s summary denial of his Rule 32, Ala. R.Crim.P., petition for postconviction relief.
On January 5, 2001, pursuant to a plea agreement with the State, King pleaded guilty to assault in the second degree. He was sentenced, in accordance with the plea agreement, to 20 years’ imprisonment. He was also ordered to pay restitution. As part of the plea agreement, King waived his right to appeal and his right to collaterally attack his conviction on any ground except jurisdictional grounds; he signed a detailed written waiver entitled “Notice and Waiver of Right to Appeal and Right to Seek Post-Conviction Relief,” which is included in the record before this Court. (C. 29.) King did not appeal. However, on July 31, 2002, he filed a Rule 32 petition. In his petition, King alleged that the trial court lacked jurisdiction to order him to pay restitution without conducting a restitution hearing and receiving evidence as to the loss suffered by the victim. After receiving a response from the State, the circuit court summarily denied King’s petition on December 10, 2002.
Contrary to King’s contention, his claim with respect to a restitution hearing and evidence of the loss suffered- by the victim is not a jurisdictional claim. See, e.g., Ex parte Shelton, 851 So.2d 96 (Ala. 2000), aff'd, 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002)(holding that issue that the defendant was denied his right to a restitution hearing was not preserved for review where no objection was made in the trial court); D.W.L. v. State, 821 So.2d 246 (Ala.Crim.App.2001)(holding that issue of amount of restitution was not preserved for review where no objection was made in the trial court); and Strickland v. State, 771 So.2d 1123, 1125 (Ala.Crim.App. 1999)(“Claims that can be waived are not jurisdictional.”).
Moreover, as part of his plea agreement with the State, King waived his right to seek postconviction relief. In Boglin v. State, 840 So.2d 926 (Ala.Crim. App.2002), this Court held that “although a waiver of the right to seek posteonviction relief given as part of a plea agreement is generally enforceable, it cannot operate to preclude a defendant from filing a Rule 32 petition challenging the voluntariness of the guilty plea, the voluntariness of the waiver, or counsel’s effectiveness.” 840 So.2d at 931. See also Yarbrough v. State, 841 So.2d 306 (Ala.Crim.App.2002). In this case, however, King does not challenge the voluntariness of his plea, the voluntariness of the waiver, or counsel’s effectiveness. In addition, his claim is not jurisdictional. Therefore, because King waived his right to seek postconviction relief as part of his plea agreement, and because King’s claim is not jurisdictional and does not concern the voluntariness of his plea, the voluntariness of his waiver, or counsel’s effectiveness, there is nothing for this Court to review, and King’s appeal is *677 due to be dismissed. See, e.g., Watson v. State, 808 So.2d 77 (Ala.Crim.App.2001).
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.