On Application for Rehearing
The unpublished memorandum issued on January 23, 2004, is withdrawn and the following opinion is substituted therefor.
Robert Whitman appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his guilty-plea conviction for trafficking in cocaine and his resulting sentence of 20 years' imprisonment.
The record reflects that Whitman pleaded guilty on March 12, 2001. As part of the plea agreement with the State, Whitman waived his right to appeal and to collaterally challenge his conviction or sentence. Whitman did not appeal; however, on May 10, 2002, Whitman filed a Rule 32 petition raising numerous claims, including several allegations of ineffective assistance of counsel. On August 28, 2002, the State filed a motion to dismiss the petition. On September 5, 2002, Whitman filed a response to the State's motion to dismiss. In addition, Whitman filed amendments to his petition on August 23, 2002, September 6, 2002, October 1, 2002, and October 22, 2002. On July 25, 2003, the circuit court issued an order summarily denying Whitman's petition.
Initially, we note that "although a waiver of the right to seek postconviction relief given as part of a plea agreement is generally enforceable, it cannot operate to preclude a defendant from filing a Rule 32 petition challenging the voluntariness of the guilty plea, the voluntariness of the waiver, or counsel's effectiveness." Boglin v. State, 840 So.2d 926, 931
(Ala.Crim.App. 2002). In addition, when reviewing a circuit court's denial of a Rule 32 petition, this Court applies an abuse-of-discretion standard. See McGahee v. State,885 So.2d 191 (Ala.Crim.App. 2003)."`[I]f the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition.'" Scroggins v. State,827 So.2d 878, 880 (Ala.Crim.App. 2001), quoting Reed v. State,748 So.2d 231, 233 (Ala.Crim.App. 1999). Moreover, Rule 32.6(b), Ala.R.Crim.P., provides:
 "The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."
Rule 32.3 provides, in pertinent part, that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." As this Court noted in Boyd v. State, [Ms. CR-02-0037, September 26, 2003] ___ So.2d ___ (Ala.Crim.App. 2003):
 "`Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief.' Boyd v. State, 746 So.2d 364, 406 (Ala.Crim.App. 1999). In other words, it is not the pleading of a conclusion `which, if true, entitle[s] the petitioner to relief.' Lancaster v. State, 638 So.2d 1370, 1373 (Ala.Crim.App. 1993). It is the allegation of facts in pleading which, if true, entitles a petitioner to relief."
___ So.2d at ___.
 I.
Whitman contends that the trial court lacked jurisdiction to accept his guilty plea. He argues, in relevant part: *Page 155 
 "[T]his petitioner's argument herein is that Morgan County Police officers never had venue or jurisdiction over alleged contraband; that Morgan County never established a chain of custody that would have shown they have jurisdiction over the subject matter at controversy. The evidence clearly reveals that this alleged evidence was handled by Huntsville officers, relinquished by Huntsville officers, and established under jurisdiction of Huntsville. . . . In order for Morgan County Circuit Court to have subject matter jurisdiction, the court must prove beyond a reasonable doubt that the felony was committed within its territory. . . . There is nothing on the record that reflects or meets the requirements of § 13A-12-231, Code of Alabama (1975), has been committed, then the courts has [sic] no jurisdiction to accept a guilty plea to an unestablished crime. There is nothing for the record showing a control [sic] substance, no weight, and no crime in accordance with § 13A-12-231, Code of Alabama (1975). The State never submitted a certificate of analysis in lieu of testimony complying with § 12-21-301, Code of Alabama (1975). . . . [T]he certificate of analysis was never incorporated into the records [because] said certificate of analysis is under Huntsville jurisdiction. . . . Petitioner contends the warrant and indictment in this case rest upon a bare bones affidavit that is the mere conclusion of `Faron White,' a Morgan County officer, that is unsupported by the facts, and the records reveal he or no one other [sic] Morgan County officer confiscated alleged contraband."
(Whitman's brief at pp. 7-9.) Although it is not entirely clear, after reviewing Whitman's petition, the amendments to his petition, and Whitman's brief on appeal, we believe that Whitman is making three different arguments regarding the court's jurisdiction; we address each in turn.
First, Whitman appears to argue that because law-enforcement officers from Huntsville were involved in his arrest and the seizure of the cocaine evidence upon which his conviction is based and because the cocaine was transported to the Alabama Department of Forensic Sciences laboratory in Huntsville, the Madison Circuit Court (located in Huntsville), not the Morgan Circuit Court, had "jurisdiction" over his case. Although couched in terms of "jurisdiction," Whitman's claim is actually a challenge to venue, not jurisdiction. The issue of improper venue, however, is waivable. See, e.g., Sciscoe v. State,606 So.2d 202 (Ala.Crim.App. 1992).
Second, Whitman appears to contend that the State failed to prove the crime of trafficking because it failed to introduce into evidence the cocaine or a certificate of analysis and that, therefore, the trial court lacked jurisdiction to accept his plea. However, the State was not required to present any evidence.
 "A plea of guilty is an admission of whatever is sufficiently charged in the indictment. A voluntary guilty plea concludes the issue of guilt, dispenses with need for judicial fact finding, is conclusive as to the defendant's guilt, and is an admission of all facts sufficiently charged in the indictment."
Morrow v. State, 426 So.2d 481, 484 (Ala.Crim.App. 1982). By pleading guilty, Whitman admitted to all elements of the crime of trafficking in cocaine and relieved the State of its burden of presenting any evidence of the crime. Moreover, to the extent that this claim can be considered a challenge to the factual basis for the plea, it is well settled that the factual basis for a guilty plea is not jurisdictional and is not part of the voluntariness of the plea. See, *Page 156 
e.g., Harris v. State, 814 So.2d 1003 (Ala.Crim.App. 2001).
Finally, Whitman argues that the trial court lacked jurisdiction to accept his plea because, he says, the arrest warrant was based on a "bare bones affidavit." (Whitman's brief at p. 8.) However, contrary to Whitman's contention, challenges to an arrest warrant are not jurisdictional. See, e.g., Sumlinv. State, 710 So.2d 941 (Ala.Crim.App. 1998).
Because none of the above claims are truly jurisdictional, they were waived, not only by Whitman's plea, but also by the waiver of his right to seek collateral relief, and they will not be considered by this Court. See, e.g., King v. State,862 So.2d 675 (Ala.Crim.App. 2003).
 II.
Whitman contends that his guilty plea was involuntary because, he says, his trial counsel coerced him into pleading guilty by giving him false information. Whitman alleged in his petition that his counsel told him that the "[Drug Enforcement Agency] was willing to not pursue, although they could have on a federal level, for your plea of guilty and in doing so would not consolidate the present charges with charges pending in Mississippi," but that this information was an "outright lie." (C. 16.) However, he pleaded no other facts in support of this allegation;[1] he merely attached to his petition a letter from his trial counsel, dated several months after his plea, in which counsel stated exactly what Whitman alleged in his petition — that the "[Drug Enforcement Agency] was willing to not pursue, although they could have on a federal level, for your plea of guilty and in doing so would not consolidate the present charges with charges pending in Mississippi." (C. 25.) As the circuit court correctly noted in its order, this claim is nothing but a bare allegation "not supported with reasonable detail." (C. 211.) Because Whitman failed to satisfy his burden of pleading, this claim was properly denied by the circuit court.
 III.
Whitman contends that his trial counsel was ineffective for various reasons.
In Strickland v. Washington, 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden of showing (1) that his counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."466 U.S. at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome."Id. Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689, 104 S.Ct. 2052.
 A.
First, Whitman contends that his trial counsel was ineffective for not filing a *Page 157 
motion to dismiss the indictment on the grounds that it failed to state an offense and failed to provide him with adequate notice of the charge against him.
In his petition, Whitman quoted his indictment as follows:[2]
 "[T.M.], Robert Whitman, and [G.F.], whose names are to the grand jury otherwise unknown, did knowingly and unlawfully possess actually or constructively on to-wit: August 16, 1999, a quantity of cocaine or a mixture containing cocaine in excess of 28 grams, but less than 500 grams, in violation of Section 13A-12-231 of the Code of Alabama."
(C. 106.)
Rule 13.2(a), Ala.R.Crim.P., provides that an indictment "shall be a plain, concise statement of the charge in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon conviction, to pronounce the proper judgment." In Alabama, "`[a]n indictment is sufficient if it substantially follows the language of the statute violated, provided the statute prescribes with definitiveness the elements of the offense.'" Travis v. State,776 So.2d 819, 836 (Ala.Crim.App. 1997), aff'd, 776 So.2d 874
(Ala. 2000), quoting Breckenridge v. State, 628 So.2d 1012,1015 (Ala.Crim.App. 1993). The indictment, as quoted by Whitman, was sufficient to charge the offense of trafficking in cocaine and adequately put Whitman on notice of the charge against him. Therefore, as the circuit court correctly found, Whitman's trial counsel could not be ineffective for not challenging a valid indictment.
 B.
Whitman contends that his trial counsel was ineffective for allowing him to plead guilty to "an unestablished crime." (Whitman's brief at p. 15.) According to Whitman, the State failed to prove that he committed the crime of trafficking in cocaine because, he says, the State introduced no evidence. However, as noted in Part I of this opinion, the State was not required to present any evidence because Whitman pleaded guilty. Contrary to Whitman's contention, his plea of guilty, as a matter of law, constituted an admission of all elements of the crime of trafficking in cocaine. See, e.g., Martin v. State,705 So.2d 876, 878 (Ala.Crim.App. 1997) ("A guilty plea is an admission of all elements of the offense."). Therefore, his counsel was not ineffective in this regard.
 C.
Whitman also contends that his trial counsel was ineffective for (1) not filing a motion for discovery or otherwise properly investigating the case; (2) not filing a motion challenging the arrest warrant; and (3) not challenging the admissibility of the cocaine evidence. After thoroughly reviewing Whitman's petition as well as the amendments to the petition, we find that none of these claims was pleaded with sufficient specificity to satisfy the requirements in Rule 32.6(b) and, thus, the claims were properly denied by the circuit court.
 IV.
In addition to the above allegations regarding the voluntariness of his guilty plea and his trial counsel's effectiveness, Whitman also argues: *Page 158 
 1. That his guilty plea was involuntary because, he says, he was informed that the maximum fine he could receive for his conviction was $20,000, when the maximum fine he could receive under § 13A-12-231(2)a., Ala. Code 1975, and, in fact, did receive, is $50,000.
 2. That his guilty plea was involuntary because, he says, he was not informed of the elements of the crime to which he pleaded guilty.
 3. That his guilty plea was involuntary because, he says, the trial court did not sign the Ireland
form.[3]
 4. That his trial counsel was ineffective for not interviewing witnesses and for allowing him to plead guilty instead of going to trial and pursuing an entrapment defense.
As noted above, Whitman filed four amendments to his petition: on August 23, 2002, September 6, 2002, October 1, 2002, and October 22, 2002. The above allegations were raised in the October 22, 2002, amendment.[4] The record reflects that the circuit court accepted the August 23, 2002, amendment, and the October 1, 2002, amendment, and that the circuit court refused to accept the September 6, 2002, amendment.[5]
However, it is not clear from the record whether the circuit court accepted the October 22, 2002, amendment. The record contains an order, dated December 16, 2002, in which the circuit court gave the State "30 days within which to file a response to any new claims for relief submitted in the petitioner's supplemental arguments filed on October 22, 2002." (C. 2.) However, the State did not respond to the four claims in the October 22, 2002, amendment, and the court did not address those claims in its order denying Whitman's petition. Under these circumstances, we cannot determine whether the above four claims are properly before this Court for review.
Accordingly, we remand this cause for the circuit court to clarify whether it accepted the October 22, 2002, amendment to Whitman's petition. If the court did not accept the amendment, it shall so state in a written order. If the circuit court did accept the amendment, then we instruct the court to issue specific written findings of fact addressing the above four claims, which it did not address in its original order denying Whitman's petition. If necessary, the court may conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions with respect to those four claims. See Rule 32.9, Ala.R.Crim.P. If, upon review, the court determines that Whitman is entitled to relief on any of the four claims, it shall order whatever relief it deems necessary. Due return shall be filed with this Court within 56 days of the release of this opinion. The return to remand shall include the circuit court's findings, a transcript of the evidentiary hearing if one is conducted, and any other evidence accepted by the court. In the event the court addresses the above four *Page 159 
claims, because three of those claims involve the voluntariness of Whitman's plea, the return shall also include a transcript of the guilty-plea colloquy.
APPLICATION GRANTED; UNPUBLISHED MEMORANDUM OF JANUARY 23, 2004, WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] Although Whitman attempts to include more specific facts in his brief on appeal, those facts are not properly before this Court for review because they were not included in Whitman's petition or in the amendments to his petition. See, e.g.,Bearden v. State, 825 So.2d 868, 872 (Ala.Crim.App. 2001) ("Although Bearden attempts to include more specific facts regarding his claims of ineffective assistance of counsel in his brief to this Court, those allegations are not properly before this Court for review because Bearden did not include them in his original petition before the circuit court.").
[2] Whitman attached a copy of the indictment to his brief on appeal; however, "attachments to briefs are not considered part of the record and therefore cannot be considered on appeal."Huff v. State, 596 So.2d 16, 19 (Ala.Crim.App. 1991).
[3] Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (Crim. 1971).
[4] Whitman's three claims regarding the voluntariness of his guilty plea were also raised in the September 6, 2002, amendment, which the circuit court expressly refused to accept.
[5] The circuit court initially issued an order refusing to accept the October 1, 2002, amendment. However, in its order denying Whitman's petition, the circuit court addressed all of the claims in the October 1, 2002, amendment. Although it is not clear why the circuit court addressed those claims contained in the October 1, 2002, amendment after having expressly refused to accept the amendment, because the court did address those claims, we must conclude that the court reversed its earlier ruling denying the amendment and decided to accept the amendment.
* Note from the reporter of decisions: On July 30, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On December 10, 2004, the Supreme Court denied certiorari review, without opinion (1031742).