WELCH, Judge.
G.E.G. pleaded guilty pursuant to a plea agreement to sexual torture of his seven-week-old daughter, a violation of § 13A-6-65.1, Ala.Code 1975; possession of marijuana in the second degree, a violation of § 13A-12-214, Ala.Code 1975; and possession of drug paraphernalia, a violation of § 13A-12-260(c), Ala.Code 1975. After a sentencing hearing, the trial court sentenced G.E.G. to life imprisonment for the sexual-torture conviction and to one year in jail for each of the other charges. The sentences are to run concurrently.
At the plea hearing, the prosecutor told the trial court that the State expected the evidence to show that on September 1, 2004, G.E.G. was at home with his seven-week-old daughter when he called the infant’s mother at work to tell her that he was about to take the infant to the hospital because she was bleeding. At that time, G.E.G. apologized for hurting the infant and said that he wanted to die.
When a nurse at the hospital initially examined the infant, she discovered that the infant was split open from the top of her vagina to the bottom of her anus. G.E.G. attempted to explain the injury by saying that he had had five beers and smoked marijuana, then, when he was rubbing baby oil on the infant, his fingers must have slipped and entered her vagina.
The physician who treated the infant determined that the injury could not have been caused by a finger. Instead, the physician said, the injury was caused by either an inanimate object or a sexual organ. The prosecutor also said that the medical records in the case would show that the infant would continue to have problems with her bowels, bladder, and her sexual organs.
G.E.G. contends that his guilty pleas were due to be set aside because, he *943 says, the pleas were involuntary and invalid under Rule 14.4, Ala. R.Crim. P. A defendant who enters a guilty plea does not have a right to withdraw that plea. Mashburn v. State, 7 So.3d 453, 463 (Ala.Crim.App.2007). Rather, “[t]he court shall allow withdrawal of a plea of guilty when necessary to correct a manifest injustice.” Rule 14.4(e), Ala. R.Crim. P. Also, “ ‘[wjhether a defendant should be allowed to withdraw a plea of guilty is a matter solely within the discretion of the trial court, whose decision will not be disturbed on appeal absent a showing of abuse of that discretion.’ Alford v. State, 651 So.2d 1109, 1112 (Ala.Crim.App.1994).” Mashburn, 7 So.3d at 463.
I.
In its brief on appeal, the State contends that the issue of whether G.E.G.’s pleas were voluntary was not preserved for appellate review because, it says, it was never presented to the trial court. In his statement of the issue, G.E.G. contends that his pleas were involuntary. In the argument portion of his brief, however, he asserts that the trial court failed to address him personally in open court to determine whether G.E.G. understood the nature of the charges against him and whether he had a full understanding of the consequences of entering a plea of guilty. Those are the same reasons he gave for withdrawing his pleas in his motion to withdraw his guilty pleas. This court understands G.E.G.’s statement of the issue regarding the “voluntariness” of the plea to be a shorthand means of saying the requirements of Rule 14.4 were not complied with in this case, and we will address the issue as presented in the body of G.E.G.’s argument.
Rule 14.4, Ala. R.Crim. P., provides in pertinent part as follows:
“(a) Colloquy With Defendant. In all minor misdemeanor cases,[1] the execution of a form similar to Form C-44B will be sufficient and no colloquy shall be required. In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
“(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
“(i) The nature of the charge and the material elements of the offense to which the plea is offered;
“(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions;
“(in) If applicable, the fact that the sentence may run consecutively to or concurrently with another sentence or sentences;
“(iv) The fact that the defendant has the right to plead not guilty, not guilty by reason of mental disease or defect, or both not guilty and not guilty by reason of mental disease or defect, and to persist in such a plea if it has already been made, or to plead guilty;
“(v) The fact that the defendant has the right to remain silent and may not be compelled to testify or give evidence against himself or herself, *944 but has the right, if the defendant wishes to do so, to testify on his or her own behalf;
“(vi) The fact that, by entering a plea of guilty, the defendant waives the right to trial by jury, the right to confront witnesses against him or her, the right to cross-examine witnesses or have them cross-examined in the defendant’s presence, the right to testify and present evidence and witnesses on the defendant’s own behalf, and the right to have the aid of compulsory process in securing the attendance of witnesses;
“(vii) The fact that, if the plea of guilty is accepted by the court, there will not be a further trial on the issue of the defendant’s guilt; and
“(viii) The fact that there is no right to appeal unless the defendant has, before entering the plea of guilty, expressly reserved the right to appeal with respect to a particular issue or issues, in which event appellate review shall be limited to a determination of the issue or issues so reserved; and “(2) Determining that the plea is voluntary and not the result of force, threats, or coercion, nor of any promise apart from the plea agreement that has been disclosed to the court as provided in Rule 14.3(b); and
“(3) Giving the defendant an opportunity to state any objections he or she may have to defense counsel or to the manner in which defense counsel has conducted or is conducting the defense.
“(b) Factual Basis for Plea. Notwithstanding the acceptance of a plea of guilty, the court shall not enter a judgment upon such plea without being satisfied that there is a factual basis for the plea.”
The record does not support G.E.G.’s contention that the trial court did not properly determine if he understood the nature of the charges against him and whether he understood the rights he was giving up by entering guilty pleas to those charges.
At the outset of the plea hearing, the trial court discussed with counsel for both parties the three specific counts — sexual torture, possession of marijuana in the second degree, and possession of drug paraphernalia — to which G.E.G. would plead guilty out of the initial ten counts for which he was indicted,[2] then determined the possible punishments for each of the counts to which G.E.G. would enter his pleas. The court then had the following colloquy with G.E.G.:
“THE COURT: Two of these [counts] are punishable by a term of imprisonment not to exceed 12 months in the county jail. One is not less than ten years, no more than life in the penitentiary. Do you understand that?
“([G.E.G.] confers with counsel).
“THE COURT: Do you understand you have the right to plead not guilty and have a jury trial?
“[G.E.G.]: Yes, sir.
“THE COURT: A jury trial is where 12 people are selected to hear the evidence and determine your guilt. Do you understand that? You have to speak up.
“[G.E.G.]: I don’t want a jury trial.
“THE COURT: I have to go through these rights with you before I ask you at *945 the end if you want to plead guilty. Okay? So these are rights if you wanted to have a jury trial.
“A jury trial would be where 12 people are selected to hear the evidence and determine your guilt if you had one. Do you understand that?
“[G.E.G.]: Yes, sir.
“THE COURT: You have the right to see, hear, confront, and cross-examine each witness at that trial. Do you understand that?
“[G.E.G.]: Yes, sir.
“THE COURT: And do you understand that you have the right to testify yourself if you wanted to, but you wouldn’t have to, and nobody could say anything about you not testifying?
“[G.E.G.]: Yes, sir.
“THE COURT: And you could subpoena witnesses to testify for you.
“[G.E.G.]: Yes, sir.
“THE COURT: By pleading guilty, you are waiving all these rights. Do you understand all those rights?
“[G.E.G.]: Yes, sir.
“THE COURT: And you want to waive your right to a jury trial and plead guilty; is that right?
“[G.E.G.]: Yes, sir.
“THE COURT: Is anyone forcing you to plead guilty?
“[G.E.G.]: No, sir.
“THE COURT: Are you doing this voluntarily?
“[G.E.G.]: Yes, sir.
“THE COURT: And how do you plead?
“[G.E.G.]: Guilty.”
(R. 3-5.) The prosecutor then outlined for the trial court what she expected the evidence to show, after which the trial court accepted G.E.G.’s pleas and adjudicated him guilty on each of the three counts.
The record demonstrates that the trial court followed the requirements of Rule 14.4(a), Ala. R.Crim. P., in determining whether G.E.G. was entering his pleas of guilty with a complete understanding of the charges to which he was pleading and the consequences of his pleas, including not only giving up his right to a jury trial and the rights attendant to a trial, but also as to the range of possible punishments that could be imposed. G.E.G. told the court he understood all aspects of his guilty plea, and the record shows that he even conferred with his counsel when the range of punishments was conveyed to him by the trial court.
Based upon the record before us, we find that there is no merit to G.E.G.’s contention that his guilty plea was not entered into voluntarily or to his contention that the trial court failed to comply with the requirements of Rule 14.4(a).
II.
G.E.G. also contends that the trial court failed to establish whether a factual basis existed for the offenses to which he was pleading guilty, i.e., sexual torture, possession of marijuana in the second degree and possession of drug paraphernalia. This issue was preserved in G.E.G.’s motion to withdraw his guilty plea. Specifically, G.E.G. argues in his brief that the prosecutor’s rendition of the facts did not mention intent, and, he says, the record fails to indicate whether G.E.G. acquiesced to the State’s version of the facts. He also contends that there was no proof offered that would support a conviction on the two drug-related charges.
“Rule 14.4(b), Ala. R.Crim. P., provides that ‘[njotwithstanding the acceptance of a plea of guilty, the court shall not enter a judgment upon such plea without being satisfied that there is a factual basis for the plea.’ ‘The purpose *946 of requiring the trial judge to determine that there is a factual basis for the plea “is to ensure the accuracy of the plea through some evidence that a defendant actually committed the offense.’ ” Alderman v. State, 615 So.2d 640, 647 (Ala.Crim.App.1992), quoting United States v. Keiswetter, 860 F.2d 992, 995 (10th Cir.1988), remand order withdrawn and plea vacated on rehearing, 866 F.2d 1301 (10th Cir.1989) (en banc). “ ‘The only factual basis required for a guilty plea is that which will satisfy the court that the appellant knows what he is pleading guilty to.” ’ Alderman, 615 So.2d at 647, quoting Garner v. State, 455 So.2d 939, 940 (Ala.Crim.App.1984). “‘The factual basis [can be] established, in part, by the appellant’s admission that he knew to what offense he was pleading guilty.” ’ Speigner v. State, 663 So.2d 1024, 1027 (Ala.Crim.App.1994), quoting Jones v. State, 492 So.2d 642, 645 n. 3 (Ala.Crim.App.1986). Likewise, ‘the reading of the indictment [is] sufficient to establish a factual basis for a guilty plea in certain cases, [and] in those cases it is not required that the indictment be read into the record during the guilty plea hearing.’ Alvis v. State, 740 So.2d 459, 461 (Ala.Crim.App.1998).”
Scott v. State, 917 So.2d 159, 165 (Ala.Crim.App.2005); see also, Sellers v. State, 935 So.2d 1207, 1214-15 (Ala.Crim.App.2005). Furthermore, in cases involving guilty pleas, the State is not required to prove each and every element of the offenses charged. Russell v. State, 428 So.2d 131, 134 (Ala.1982).
In addition to charging that G.E.G. committed the offense of sexual torture, the indictment returned in this case charged that G.E.G. committed the offense of possession of drug paraphernalia because he possessed a pipe used to smoke marijuana. The indictment also charged G.E.G. with possession of marijuana. In the prosecutor’s statement of the facts to the trial court, she related that G.E.G. told the healthcare workers who examined the infant that he had been smoking marijuana on the day the infant was injured.
G.E.G. argues that the trial court did not establish a factual basis for the charges before accepting the guilty pleas from him. We recognize that
“ ‘[a] plea of guilty is an admission of whatever is sufficiently charged in the indictment. A voluntary guilty plea concludes the issue of guilt, dispenses with need for judicial fact finding, is conclusive as to the defendant’s guilt, and is an admission of all facts sufficiently charged in the indictment.’
“Morrow v. State, 426 So.2d 481, 484 (Ala.Crim.App.1982).”
Whitman v. State, 903 So.2d 152, 155 (Ala.Crim.App.2004). In Whitman, this court held that, “[b]y pleading guilty, Whitman admitted to all elements of the crime of trafficking in cocaine and relieved the State of its burden of presenting any evidence of the crime.” Id. In that case we also noted that a challenge to the factual basis for a guilty plea is not jurisdictional and does not go to the voluntariness of the plea. Id.
However, in this case, the record shows that the only “evidence” tending to indicate that G.E.G. had possessed marijuana at all came in the form of a comment he allegedly made to a nurse who examined the infant at a time when G.E.G. was trying to explain how the infant was injured so severely. In other words, the comment was made while G.E.G. was attempting to ameliorate his culpability for the injuries the infant suffered. There is no independent evidence to corroborate his “excuse.” In Boyington v. State, 748 So.2d 897 (Ala.Crim.App.1999), this Court reversed the defendant’s conviction for *947 possession of marijuana in the second degree and rendered a judgment in his favor because there was simply no actual marijuana to be found.
This court described the facts in that case and explained the holding as follows:
“Boyington was seen smoking something. When the officers arrived they smelled marijuana in the air, on his person, and on a piece of plastic discovered on the ground. No marijuana or drug paraphernalia was found at the scene or on the person of either Boyington or Raines.
“ ‘A person commits the crime of unlawful possession of marihuana in the second degree if, except as otherwise authorized, he possesses marihuana for his personal use only.’ § 13A-12-214(a), Ala.Code 1975. In order to establish the element of possession, ‘[t]he State must show ... (1) actual or potential control, (2) intention to exercise dominion, and (3) external manifestation of intent.’ Fleming v. State, 470 So.2d 1343, 1347 (Ala.Crim.App.1985). Unlawful possession of a controlled substance is a Class A misdemeanor. § 13A-12-214(b), Ala. Code 1975.
“Boyington’s conviction was based on his ‘actual control’ over marijuana. The prosecution attempted to prove Boying-ton’s actual control over the marijuana by the officer’s testimony that they saw Boyington smoking something they believed to be marijuana. However, Boy-ington was not in possession or constructive possession of marijuana when he was arrested at the scene of the alleged crime. Thus, the real question in this ease is whether the officer’s testimony — that they believed Boyington was in possession of marijuana- — -can alone be sufficient to uphold a conviction for possession of a controlled substance.
“Boyington argues in his brief to this Court:
“ ‘Officer Burks testified that the co-defendant threw a green, leafy substance into the air. Nothing was recovered. Prior cases dealing with throwing contraband out of a vehicle have supported a conviction for possession. However, in these cases the contraband was recovered. Hamilton v. State, 496 So.2d 100 (Ala.Crim.App.1986), and White v. State, 479 So.2d 1368 (Ala.Crim.App.1985).
“ ‘Although law enforcement officers’ training and experience in identifying the smell of marijuana, recognizing the way it is smoked, and recognizing the way it is packaged, have supported a finding of probable cause for a search or arrest, no cases have allowed this knowledge to support a conviction where no contraband was found. See Jones v. State, 432 So.2d 19 (Ala.Crim.App.1983), and Smith v. State, 606 So.2d 174 (Ala.Crim.App.1992), discussing probable cause based upon officers’ training and experience in identifying marijuana.’
“(Appellant’s brief at page 8. [Footnote omitted.]) Boyington is correct. In each case reported by this court concerning a situation were illegal drugs were either thrown from a window or flushed down a toilet, the contraband or some residue from the contraband was recovered. See, Coslett v. State, 641 So.2d 302 (Ala.Crim.App.1993) (conviction upheld based on evidence that a medicine bottle containing cocaine residue, a plastic sandwich bag containing cocaine residue, and another plastic bag containing marijuana was recovered after being thrown from window); Carlisle v. State, 533 So.2d 645 (Ala.Crim.App.1987)(the defendant was seen throwing a bag out of the car window, the bag contained marijuana and was *948 found in close proximity to the car); Martin v. State, 695 So.2d 141 (Ala.Crim.App.1996) (cocaine residue found on pipe served as the basis for the conviction; conviction was reversed on basis of illegality of search); Dooley v. State, 575 So.2d 1191 (Ala.Crim.App.1990) (detective heard toilet flushing and water running in the bathroom. The ‘ “J tubing” from underneath the sink was removed and the water that was in the “trap” was collected in a mason jar; it was later determined that this water contained 9.6 milligrams of cocaine per milliliter of water’). We can find no case in Alabama upholding a conviction for possession of a controlled substance where the controlled substance was not confiscated from the defendant and identified or where the defendant was not in constructive possession of the controlled substance. Absent that factual scenario, the element of possession could not be established.”
Boyington v. State, 748 So.2d 897, 901-02 (Ala.Crim.App.1999).
Here, G.E.G. was never seen with marijuana. The record before us is silent as to the existence of drug paraphernalia, i.e., a drug pipe G.E.G. allegedly used to smoke marijuana. The indictment appears to be based strictly on G.E.G.’s remark to the nurse who examined the infant that he had been smoking marijuana.
G.E.G.’s guilty plea may have relieved the State of its burden to present evidence; nonetheless, the underlying factual basis relied upon for bringing the indictment in the first place was insufficient to support a conviction of marijuana possession or possession of drug paraphernalia. The mere “confession” or statement of a defendant to a given offense, without any corroborating evidence, is not sufficient to sustain a conviction. See, e.g., Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954) (the general rule is that an accused may not be convicted on his own uncorroborated confession); State v. Chatelain, 220 Or.App. 487, 188 P.3d 325 (2008) (defendant’s confession is not legally sufficient to support a conviction unless there is adequate corroboration); and People v. O’Neil, 18 Ill.2d 461, 165 N.E.2d 319 (1960) (voluntary confession of an accused is insufficient, without corroborating evidence, to authorize a conviction).
For the forgoing reasons, G.E.G.’s conviction and sentence for the offense of sexual torture are affirmed. However, because there is no independent factual basis for G.E.G.’s guilty pleas entered as to the drug charges, the trial court improperly accepted the pleas as to those two charges. Therefore, G.E.G.’s convictions on the charges of possession of marijuana in the second degree and possession of drug paraphernalia are due to be reversed, and this cause is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
McMILLAN and WISE, JJ., concur. SHAW, J., concurs in the result, with opinion, joined by BASCHAB, P.J.

1. A "minor misdemeanor” is defined as "a misdemeanor or municipal ordinance violation for which the defendant will not be punished by a sentence of imprisonment.” Rule 1.4(r), Ala. R.Crim. P.

. G.E.G. was indicted on two counts of first-degree sexual abuse; two counts of first-degree rape; two counts of first-degree sodomy; two counts of sexual torture; one count of possession of drug paraphernalia; and one count of second-degree possession of marijuana. (C. 16-26.)