BOLIN, Justice.
The State of Alabama petitioned this Court for a writ of certiorari to review whether the Court of Criminal Appeals erred in reversing the trial court’s denial of G.E.G.’s motion to withdraw his guilty pleas. For the reasons discussed below, we reverse.

Facts and Procedural History

On April 6, 2007, G.E.G. was indicted for two counts of first-degree sexual abuse; two counts of first-degree rape; two counts of first-degree sodomy; two counts of sexual torture; one count of possession of drug paraphernalia; and one count of second-degree possession of marijuana. With regard to the two drug-related charges, the indictment provided as follows:
*951 “G.E.G. ... did unlawfully possess with intent to use, or did use, drug paraphernalia, to-wit: a pipe, to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance, in violation of section 18A-12-260(c) of the Code of Alabama.
“G.E.G. ... did unlawfully possess marijuana for personal use, in violation of section 13A-12-214 of the Code of Alabama.”
Pursuant to a plea agreement, G.E.G. pleaded guilty to the one count of sexual torture of his seven-week-old daughter, see § 13A-6-665.1, Ala.Code 1975; possession of marijuana in the second degree, see § 13A-12-214, Ala.Code 1975; and possession of drug paraphernalia, see § 13A-12-260(c), Ala.Code 1975. After a sentencing hearing, the trial court sentenced G.E.G. to life imprisonment for the sexual-torture conviction and to 12 months in jail for each of the drug-related charges. The sentences were to run concurrently.
At the plea hearing on June 18, 2007, the following exchange occurred:
“THE COURT: [G.E.G.], you have multiple counts here. I understand he is going to plead guilty to which counts, please?
“MS. JAMES [prosecutor]: He will be pleading guilty to Count 6, Count 9, and Count 10, and the rest will be nol-prossed as alternate counts.
“THE COURT: Then he will be pleading guilty to sodomy in the first degree. That’s a Class A felony. Well, I am looking at the Case Action Summary. It could be an error. Let me look at the indictment as well.
“MS. JAMES: I am sorry, Judge. That will actually be Counts 8, 9, and 10, and Counts 1 through 7 will be nol-prossed as alternate counts. So he will be pleading guilty to the sexual torture, possession of marijuana second, and possession of drug paraphernalia.
“THE COURT: That does appear correct on the Case Action Summary. 9 is drug paraphernalia, 10 is possession of marijuana in the second degree, both of which are misdemeanors punishable by a term of imprisonment not to exceed 12 months. What is the classification of Count 9, Ms. James? Is that a felony or misdemeanor?
“MS. JAMES: That’s a misdemeanor, possession of marijuana.
“THE COURT: I am sorry. Count 7 [sic], sexual torture, what classification?
“MS. JAMES: That’s a Class A felony.
“THE COURT: Punishable by a term of imprisonment of not less than 10 years, no more than life. So two of them are Class A misdemeanors and the sexual torture you are saying is a Class A felony?
“MS. JAMES: Yes, sir.
“THE COURT: So you looked at that, Ms. Williams [defense counsel]. Is that correct?
“MS. WILLIAMS: Yes, sir.
“THE COURT: Two of these are punishable by a term of imprisonment not to exceed 12 months in the county jail. One is not less than 10 years, no more than life in the penitentiary. Do you understand that?
“(Defendant confers with counsel.)
“THE COURT: Do you understand you have the right to plead not guilty and have a jury trial?
“THE DEFENDANT: Yes, sir.
“THE COURT: A jury trial is where twelve people are selected to hear the evidence and determine your guilt. Do *952 you understand that? You have to speak up.
“THE DEFENDANT: I don’t want a jury trial.
“THE COURT: I have to go through these rights with you before I ask you at the end if you want to plead guilty. Okay? So these are rights if you wanted to have a jury trial. A jury trial would be where twelve people are selected to hear the evidence and determine your guilt if you had one. Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: You have the right to see, hear, confront, and cross-examine each witness at that trial. Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: And do you understand that you have the right to testify yourself if you wanted to, but you wouldn’t have to, and nobody could say anything about you not testifying?
“THE DEFENDANT: Yes, sir.
“THE COURT: And you could subpoena witnesses to testify for you.
“THE DEFENDANT: Yes, sir.
“THE COURT: By pleading guilty, you are waiving all these rights. Do you understand all those rights?
“THE DEFENDANT: Yes, sir.
“THE COURT: And you want to waive your right to a jury trial and plead guilty; is that right?
“THE DEFENDANT: Yes, sir.
“THE COURT: Is anyone forcing you to plead guilty?
“THE DEFENDANT: No, sir.
“THE COURT: Has anybody promised you anything to get you to plead guilty?
“THE DEFENDANT: No, sir.
“THE COURT: Are you doing this voluntarily?
“THE DEFENDANT: Yes, sir.
“THE COURT: And how do you plead?
“THE DEFENDANT: Guilty.
“THE COURT: The State’s evidence is?
“MS. JAMES: That the victim in the case is seven weeks old. [G.E.G.] is the victim’s father. On or about September 1st, 2004 [G.E.G.] called the victim’s mother at work, her first day back at work after having the victim in the case, and in that call [G.E.G.] told the victim’s mother that the victim was bleeding and he was about to take her to the hospital. He also told the victim’s mother at that time that he apologized for hurting the victim, that he wanted to die. Once he got the victim to the hospital, a nurse at the hospital saw that the victim was split from the top of her vagina to the bottom of her anus.
“[G.E.G.] at that time said that he had drank five beers and smoked some marijuana, rubbed baby oil over the victim, and at that time he thinks his fingers must have slipped and entered her vagina. The defendant also wrote a statement saying he put baby oil all over my baby and sexually abused her. The doctor in the case, Dr. Saltzer, after examining the baby, said the damage could not have, been done by a finger, but had to have been done by an inanimate object or a sexual organ. And also the medicals in this case would show the victim was split from the top of her vagina to the bottom of her rectum, that she will also have future problems with her bowels, with her female organs, and also with controlling her bladder. And all of this happened in Montgomery County.
“THE COURT: Accept your plea, adjudicate you guilty.”
On July 24, 2007, the trial court sentenced G.E.G. On August 22, 2007, G.E.G. *953 filed a motion to withdraw his guilty pleas to the three charges. G.E.G. argued, among other things, that the record failed to establish a factual basis for any plea entered as required by Rule 14.4(b), Ala. R.Crim. P. On August 27, 2007, the trial court denied G.E.G.’s motion to withdraw his guilty pleas. On September 19, 2007, G.E.G. appealed to the Court of Criminal Appeals.
The Court of Criminal Appeals affirmed G.E.G.’s conviction for the offense of sexual torture but reversed the two guilty-plea convictions on the drug-related charges because it concluded that there was no independent factual basis to support G.E.G.’s admission that he smoked marijuana before he sexually tortured his child. G.E.G. v. State, 54 So.3d 941 (Ala.Crim.App.2008). The Court of Criminal Appeals, citing Boyington v. State, 748 So.2d 897 (Ala.Crim.App.1999), stated that G.E.G. was never seen with marijuana, that the record was silent as to the existence of drug paraphernalia, and that the indictment appeared to be based strictly on G.E.G.’s remark to the nurse who examined the infant that he had been smoking marijuana. The Court of Criminal Appeals reasoned that G.E.G.’s guilty plea may have relieved the State of its burden to present evidence; however, it reasoned, the underlying factual basis relied upon for bringing the indictment was insufficient to support a conviction because a mere “confession,” without any corroborating evidence, is not sufficient to sustain a conviction.
Both the State and G.E.G. sought certio-rari review. We denied G.E.G.’s petition and granted the State’s petition.

Discussion

With regard to the requirement that a defendant’s confession be corroborated to sustain a conviction, it has long been the rule in Alabama that the State must offer independent proof of the corpus delicti of the charged offense to authorize the admission of the defendant’s confession or inculpatory statement. Robinson v. State, 560 So.2d 1130, 1135-36 (Ala.Crim.App.1989). ‘While a confession is inadmissible as prima facie proof of the corpus delicti, it can be used along with other evidence to satisfy the jury of the existence of the corpus delicti.” Bracewell v. State, 506 So.2d 354, 360 (Ala.Crim.App.1986). The purpose of requiring that a defendant’s confession be corroborated is to alleviate the concern that the confession could be false and the conviction thereby lack fundamental fairness.
“The purpose of requiring proof of the corpus delicti, as a condition precedent to the admission of a confession, is to insure its trustworthiness. For this reason, there is some judicial language to the effect that corroborative evidence independent of the confession need not be sufficient to establish corpus delicti but must be sufficient independent evidence which would tend to establish the trustworthiness of the confession.”
Charles W. Gamble & Robert J. Goodwin, McElroy’s Alabama Evidence § 200.13 at 1262 (6th ed.2009)(footnotes omitted).
‘“Evidence of facts and circumstances, attending the particular offense, and usually attending the commission of similar offenses — or of facts to the discovery of which the confession has led, and which would not probably have existed if the offense had not been committed— would be admissible to corroborate the confession. The weight which would be accorded them, when connected with the confession, the jury must determine, under proper instructions from the court.’ ”
Bush v. State, 695 So.2d 70, 118 (Ala.Crim.App.1995) (quoting Matthews v. State, 55 Ala. 187, 194 (1876)); see also Bracewell, *954 supra. “Proof of the corpus delicti does not necessarily include evidence connecting [the] defendant with the crime. The term, meaning body of the offense, connotes the actual commission of the crime by someone.” Arnold v. State, 57 Ala.App. 172, 173, 326 So.2d 700, 701 (1976).
In reversing G.E.G.’s convictions on the drug-related charges, the Court of Criminal Appeals relied, in part, on Boyington v. State, supra, to support its determination that G.E.G.’s admission that he smoked marijuana on the day he injured his child was insufficient alone to provide a factual basis for G.E.G.’s guilty plea. In Boyington, the defendant was convicted following a trial at which the evidence to support his conviction was testimony from a police officer who had seen the defendant and a companion smoking what appeared to be a marijuana cigarette. At trial, the arresting officer stated that there was a very strong smell of burning marijuana in the air when he approached the defendant and his companion. When the officer identified himself as a police officer, the defendant rubbed his fingers together, causing the cigarette to disintegrate. The officer testified that the defendant’s fingers smelled like marijuana and that he saw the companion take a green leafy substance from his pocket and throw it in the air. The Court of Criminal Appeals reversed the defendant’s conviction, stating:
“We can find no case in Alabama upholding a conviction for possession of a controlled substance where the controlled substance was not confiscated from the defendant and identified or where the defendant was not in constructive possession of the controlled substance. Absent that factual scenario, the element of possession could, not be established.
“In the present case, considering that the officers did not see Boyington in possession of marijuana, that Boyington did not have in his possession or was not in constructive possession of marijuana when he was apprehended, that it is not a criminal offense to smell like marijuana, and that there was a possibility that the odor of marijuana was the result of other bar patrons’ smoking marijuana in the area before the officers arrived, the evidence presented at trial did not establish that Boyington was or had been in possession of marijuana.”
748 So.2d at 902-03.
The Court of Criminal Appeals here also relied upon the following cases for the proposition that a defendant’s confession to or statement regarding a given offense, without any corroborating evidence, is insufficient to support a conviction: Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954); State v. Chatelain, 220 Or.App. 487, 188 P.3d 325 (2008); and People v. O’Neil, 18 Ill.2d 461, 165 N.E.2d 319 (1960). Like Boyington, Smith, Chatelain, and O’Neil involved trials, and not guilty-plea proceedings.
It is important to recognize the difference between a guilty-plea proceeding and a trial. “ ‘ “A voluntary guilty plea concludes the issue of guilt, dispenses with the need for judicial fact finding, is conclusive as to the defendant’s guilt, and is an admission of all facts sufficiently charged in the indictment.” ’ ” Scott v. State, 917 So.2d 159, 166 (Ala.Crim.App.2005) (quoting Whitman v. State, 903 So.2d 152, 155 (Ala.Crim.App.2004), quoting in turn Morrow v. State, 426 So.2d 481, 484 (Ala.Crim.App.1982)). “A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence.” Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 *955 L.Ed. 1009 (1927). “By pleading guilty, a defendant waives three constitutional rights: the right against self-incrimination, the right to trial by jury, and the right to confront his accusers.” Heptinstall v. State, 624 So.2d 1111, 1112 (Ala.Crim.App.1993) (citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Because these rights are waived upon the entry of a guilty plea, the colloquy at the guilty-plea hearing centers on whether the defendant’s plea is being made voluntarily and knowingly.
“A defendant who enters [a guilty plea] simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be ‘an intentional relinquishment or abandonment of a known right or privilege.’ Johnson v. Zerbst, 304 U.S. 458, 464 (1938). Consequently, if a defendant’s guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.”
McCarthy v. United States, 394 U.S. 459, 466-67, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (footnotes omitted).
In light of the waiver of constitutional rights inherent in a guilty plea, the factual-basis requirement of Rule 14.4(b), Ala. R.Crim. P., allows the trial court to satisfy itself subjectively as to whether the defendant knows what he or she has done and that the acts committed by the defendant constitute the crime with which he or she was charged. Scott, 917 So.2d at 165. “A trial court [in a guilty-plea proceeding] need not make itself aware of evidence establishing the pleader’s guilt beyond a reasonable doubt in order to satisfy itself subjectively that the pleader knows both what he has done and that those acts constitute the crime with which he is charged.” King v. Hawkins, 266 Ga. 655, 656, 469 S.E.2d 30, 32 (1996).
Rule 14.4(b), Ala. R.Crim. P., provides: “Notwithstanding the acceptance of the plea of guilty, the court shall not enter a judgment upon such plea without being satisfied that there is a factual basis for the plea.” The Committee Comments to Rule 14.4(b) provide:
“Section (b) satisfies the requirement in Clark v. State, 294 Ala. 485, 488, 318 So.2d 805, 807-808 (1974), that:
“ ‘In a plea of guilty proceedings, the judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea. Further, the judge should be satisfied that there is a factual basis for the plea....
“ ‘In such proceedings a trier of fact does not seek to determine if the accused’s actions would justify a conviction on the full charge contained in an indictment, but only if such action satisfies the degree of guilt admitted by the plea.’
“The court may meet this requirement by eliciting an in-court statement from the defendant, by an in-court statement from the district attorney, or from evidence presented, including that of witnesses, which may be hearsay in whole or in part.”
(Emphasis omitted.)
“The purpose of requiring the trial judge to determine that there is a factual basis for the plea ‘is to ensure the *956 accuracy of the plea through some evidence that a defendant actually committed the offense.’ ” Alderman v. State, 615 So.2d 640, 647 (Ala.Crim.App.1992) (quoting United States v. Keiswetter, 860 F.2d 992, 995 (10th Cir.1988), remand order withdrawn and plea vacated on rehearing, 866 F.2d 1301 (10th Cir.1989) (en banc)). “The only factual basis required for a guilty plea is that which will satisfy the court that the [defendant] knows what he is pleading guilty to.” Garner v. State, 455 So.2d 939, 940 (Ala.Crim.App.1984). The factual basis for a guilty plea may be established by several sources. “ ‘As long as the factual basis is developed on the record, it may come from several sources.’ ” Yamada v. State, 426 So.2d 906, 909 (Ala.1982) (quoting United States v. King, 604 F.2d 411 (5th Cir.1979) (emphasis omitted)). The district attorney’s “assertions of what he expects the evidence to show” will suffice. Atteberry v. State, 448 So.2d 425, 427 (Ala.Crim.App.1983). “[T]he reading of the indictment [is] sufficient to establish a factual basis for a guilty plea in certain cases, [and] in those cases it is not required that the indictment be read into the record during the guilty plea hearing.” Alvis v. State, 740 So.2d 459, 461 (Ala.Crim.App.1998).
“A guilty plea, if entered voluntarily and with understanding of the consequences, waives all non-jurisdictional defects.” Ex parte Horton, 456 So.2d 1120, 1122 (Ala.1984). A guilty plea waives the right to claim a denial of a speedy trial in violation of the Sixth Amendment. Davis v. State, 469 So.2d 1348 (Ala.Crim.App.1985); a guilty plea waives the right to challenge the trial court’s refusal to suppress evidence. Roden v. State, 384 So.2d 1248 (Ala.Crim.App.1980).
“A guilty plea is a waiver of trial and a waiver of the right to contest the admissibility of any evidence the state might have offered against the defendant, see McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), including an illegal arrest, the validity of a search and seizure, Vann v. State, 44 Ala.App. 523, 214 So.2d 925 (1968), or a prior involuntary confession. Williams v. State, 283 Ala. 668, 220 So.2d 609 (1969).”
Barnes v. State, 354 So.2d 343, 345 (Ala.Crim.App.1978).
The issue before this Court is whether the rule that a defendant may not be convicted solely on the basis of a confession should also apply to a guilty-plea conviction. We hold that the issue of the admissibility of the defendant’s confession without corroboration is waived by the defendant’s plea of guilty. A guilty plea is a judicial confession. “ ‘A voluntary guilty plea concludes the issue of guilt, dispenses with the need for judicial fact finding, is conclusive as to the defendant’s guilt, and is an admission of all facts sufficiently charged in the indictment.’ ” Whitman v. State, 903 So.2d 152, 155 (Ala.Crim.App.2004) (quoting Morrow v. State, 426 So.2d at 484). The rule under which the corpus delicti of a crime must be established applies only when the confession is extrajudicial and the accused pleads not guilty, compelling the prosecution to present evidence to prove its case. When a defendant pleads guilty, he or she admits every fact constituting the elements of the offenses and such a plea conclusively establishes the defendant’s guilt. Once the trial court has determined that the plea is knowing and voluntary, the trial court need only satisfy itself that the defendant knew what he was pleading guilty to.
“ ‘In the United States our concept of justice that finds no man guilty *957 until proven has led our state and federal courts generally to refuse conviction on testimony concerning confession of the accused not made by him at the trial of his case.... In our country the doubt persists that the zeal of the agencies of prosecution to protect the peace, the self-interest of the accomplice, the maliciousness of the enemy or the aberration or weakness of the accused under the strain of suspicion may tinge or warp the facts of the confession.’
“No such doubt persists as to a voluntary plea of guilty made with an understanding of the charge.”
Waley v. United States, 233 F.2d 804, 806 (9th Cir.1956) (quoting Opper v. United States, 348 U.S. 84, 89-90, 75 S.Ct. 158, 99 L.Ed. 101 (1954)).

Conclusion

We reverse the judgment of the Court of Criminal Appeals reversing the trial court’s denial of G.E.G.’s motion to withdraw his guilty pleas to the drug-related charges and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and LYONS, WOODALL, STUART, SMITH, and PARKER, JJ., concur.
MURDOCK, J., concurs in the result.
SHAW, J., recuses himself.*